Roland E. Brown, *p. a. vs.* Albert J. Howard, *alias.*

JUNE 22, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Evidence. Conviction of Crime or misdemeanor.*

Under Gen. Laws, 1909, cap. 292, § 43, a witness may be asked whether he has been convicted of or sentenced for *any* crime or *misdemeanor,* and the statute does not limit the evidence to an *infamous* crime or misdemeanor.

Trespass on the Case for negligence. Heard on exceptions of defendant and overruled.

Rathbun, J.   This is an action of trespass on the case for negligence to recover for personal injuries sustained by the plaintiff while riding a bicycle which collided with an automobile operated by the defendant. The trial of the case before a justice of the Superior Court and a jury resulted in a verdict for the plaintiff for five thousand dollars. The justice who presided at the trial denied the defendant's

motion for a new trial. The case is before this court on defendant's exceptions taken to rulings of said justice during the trial.

The defendant in his brief considered only those exceptions which are numbered from 5 to 19 inclusive. Exceptions 5 to 14 were taken to the ruling of the court permitting plaintiff's counsel to ask the defendant on cross-examination whether on certain dates specified in the questions he had been convicted of violating the statutes regulating the speed of automobiles on the public highways. Certain of these questions the witness answered in the affirmative. He answered some of the remaining questions in the negative and the others by stating that he did not or could not remember.

Section 43 of Chapter 292 (entitled, "Of Views, Witnesses, Depositions, and Evidence"), G. L. 1909, provides as follows: "Sec. 43. No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

The defendant argues that the only legislative intention expressed in said Section 43 is an intention to so modify the common law that a person convicted of or sentenced for an infamous offence may testify as a witness and to provide that when such a person does testify his conviction of or sentence for an infamous crime or misdemeanor can be shown for the purpose of affecting his credibility.

Public Statutes, 1882, Chap. 214, Sec. 38, contained the language: "except that such conviction or sentence may be shown to affect his credibility" instead of "except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility." In all other respects the language of said Section 43 and said Section 38 is the same. The defendant's argument could be urged with greater force if the language of Section 38 in the 1882 Re-

vision had been retained but when the legislature amended the latter part of said section so as to read, "except that conviction or sentence for *any* crime or *misdemeanor* may be shown to affect his credibility," we must assume that the legislature meant "any crime or misdemeanor" and not "any *infamous* crime or misdemeanor." The language of the statute is too clear to permit the construction urged by the defendant. For many years it has been the practice in this State to permit counsel to ask on cross-examination a party to a cause who takes the witness stand, as well as other witnesses, whether or not he has been convicted of or sentenced for the particular crime or misdemeanor specified in the question. See *State* v. *Vanasse*, 42 R. I. 278; *State* v. *Babcock*, 25 R. I. 224; *State* v. *Ellwood*, 17 R. I. 763.

Exceptions 5 to 14 inclusive are overruled. All of the other exceptions have been considered and found to be without merit.

No exception was taken to the denial of the defendant's motion for a new trial.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Max Levy, Waterman & Greenlaw*, for plaintiff.
*Moore & Curry, Sheffield & Harvey*, for defendant.