268 A.2d 427.

JOSEPH R. MERCURIO *vs.* A. R. FASCITELLI AND FASHION BUILDERS, INC.

AUGUST 7, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kellcher, JJ.

POWERS, J.   This is a civil action for negligence which arose out of a collision between a motor vehicle being operated by the plaintiff and another which, registered to the defendant Fashion Builders, Inc., was being operated by the defendant Anthony R. Fascitelli.

The case was tried to a Superior Court justice and a jury, which returned a verdict for the defendants.   It is before us on the plaintiff's appeal from the judgment accordingly entered.

In connection therewith plaintiff presses three assignments of error.   These are that the trial justice erred in refusing to permit the plaintiff to impeach the defendant operator's credibility; that plaintiff was prejudiced by the trial justice's comments made in the presence of the jury; and that it was prejudicial error for the trial justice to permit counsel for defendants to use toy model automobiles in his closing argument to the jury.

Prior to trial, plaintiff submitted interrogatories which *inter alia* inquired of the defendant operator,

"State whether you have ever pleaded guilty or were convicted of any criminal offense; and if so, state the charge, date, court and disposition."

Responding to this query, the defendant Fascitelli, in his answer to the interrogatory, stated "No convictions." During cross-examination, the defendant operator was asked if he were the same,

"Are you the same Anthony R. Fascitelli who in the Second District Court on July 23, 1967, pleaded guilty to the Charge of Speeding, and was fined Ten Dollars and Costs?"

The defendant answering "Yes," was then confronted by his answer to the interrogatory and asked "Do you wish to change your testimony?" The defendant answered "No." At this point, counsel for the defendant interrupted. When he did, the trial justice made the following comment in the presence of the jury:

"Had there been objection, I would not have allowed this line of questioning because just a speeding charge is not in the ordinary sense, in most people, a criminal charge. I might tell the jury now, I'll instruct you later, even if this person, the defendant, had pleaded guilty to a speeding charge, that has nothing to do with this case. It does not help us deciding if whether or not he was at fault. That had nothing to do with this incident."

Thereafter, in the absence of the jury, plaintiff made an offer of proof that, if allowed, would show a total of eight traffic violations ranging in time from 1958 to 1968. This offer was made as a consequence of the trial justice's ruling that evidence of traffic convictions was not admissible to impeach defendant's credibility.

The plaintiff's first assignment of error is that this ruling was improper for the reason that the General Assembly

specifically authorized the use of prior traffic violations for purposes of impeachment.[1]

So doing, he relies on *Brown* v. *Howard,* 43 R. I. 571, 114 A. 11, where the scope of the applicable section, then chap. 292, sec. 43, of G. L. 1909, was considered by this court. That was a negligence action where the plaintiff, a bicyclist, was struck by the defendant motorist. Over defendant's objection, plaintiff, on cross-examination, was permitted to inquire regarding defendant's prior convictions for speeding.

In his appeal to this court the defendant, Howard, argued:

> "The defendant argues that the only legislative intention expressed in said Section 43 is an intention to so modify the common law that a person convicted of or sentenced for an infamous offence may testify as a witness and to provide that when such a person does testify his conviction of or sentence for an infamous crime or misdemeanor can be shown for the purpose of affecting his credibility."

The court rejected this argument, pointing out that the statute in question was an amendment to chap. 214, sec. 38, Public Statutes 1882.[2]

This last cited section was the original legislative modification of the common-law bar and the court held:

> "In all other respects the language of said Section 43 and said Section 38 is the same. The defendant's ar-

---

[1]General Laws 1956, §9-17-15 reads as follows:

"Effect of conviction for crime.—No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

[2]"Sec. 38. No person shall be deemed an incompetent witness because of his conviction of any crime or sentence to imprisonment therefor, but shall be admitted to testify like any other witness, except that such conviction or sentence may be shown to affect his credibility."

gument could be urged with greater force if the language of Section 38 in the 1882 Revision had been retained but when the legislature amended the latter part of said section so as to read, 'except that conviction or sentence for *any* crime or *misdemeanor* may be shown to affect his credibility,' we must assume that the legislature meant 'any crime or misdemeanor' and not 'any *infamous* crime or misdemeanor.' The language of the statute is too clear to permit the construction urged by the defendant. For many years it has been the practice in this State to permit counsel to ask on cross-examination a party to a cause who takes the witness stand, as well as other witnesses, whether or not he has been convicted of or sentenced for the particular crime or misdemeanor specified in the question."

It is the instant defendant's contention, nevertheless, that the holding in *Brown* v. *Howard, supra,* is not apposite to the case at bar. There, the instant defendant argues, the court did not concern itself with the proposition that before a conviction of "any crime or misdemeanor" could be received in evidence to attack defendant's credibility it must first be shown that the conviction sought to be admitted would have barred defendant as a witness at common law. He advances this contention by suggesting that in *Brown,* court and counsel proceeded on the assumption that defendant, Howard, would have been incompetent to testify at common law. We are unable to understand the basis for this suggestion. Clearly, the convictions admitted to impeach Howard's credibility were for motor vehicle violations as are those which the instant plaintiff sought to show and was not permitted.

Even so, defendant here further argues, in effect, that admitting such convictions, purportedly for the purpose of attacking credibility but in actuality for the purpose of prejudicing the jury on the issue of negligence, is contrary to the current trend that, for the purpose of impeaching a witness' credibility, there should be admitted in evi-

dence only conviction of offenses which involve the witness' honesty, citing decisions from other states and eminent text-writers. Not unmindful of such trend, we are nevertheless confronted with a legislative declaration and the construction given to that legislation almost a half century ago. It is an elementary canon of statutory construction that long-standing acquiescence by the legislature of a judicial determination of a legislative intention warrants an assumption of legislative approval. *Colarusso* v. *Mills,* 99 R. I. 409, 208 A.2d 381; *E-Con-O-Wash Corp.* v. *Sousa,* 91 R. I. 450, 164 A.2d 851. Under such circumstances, changing the challenged policy is best left to its author. We do so here being cognizant of the fact that there is not properly before us the question of whether this court should reconsider a decisional rule which, having been judicially enunciated, is susceptible to judicial modification. See *Rampone* v. *Wanskuck Bldgs., Inc.,* 102 R. I. 30, 227 A.2d 586.

In 3 Wigmore, *Evidence* §987 at 572 (3d ed. 1940) that learned text-writer, commenting on the multiple rules variously applied in the admission of prior convictions as being probative of credibility, observes:

> "The shuttlecock citation of decisions, backward and forward, in and out of their proper jurisdictions, has done much to unsettle and to confuse the law. The greatest judicial service that can be rendered to-day is to keep the line of precedents clear and inflexible in each jurisdiction."

It is our conclusion, therefore, that plaintiff's first assignment of error has merit and the case should be remitted to the Superior Court for a new trial. In reaching this conclusion, we are not unmindful that in *Pedorella* v. *Hoffman,* 91 R. I. 487, 165 A.2d 721, while tacitly adhering to the construction given to the subject statute in *Brown* v. *Howard,* we also held that whether a prior conviction could be excluded on the ground that it was too remote in time

should best be left to the sound discretion of the trial justice. See also *State* v. *McCartin,* 106 R. I. 674, 262 A.2d 826, where we followed the rule laid down in *Pedorella, supra.*

In the instant appeal exclusion by reason of remoteness was not raised but we deem it advisable to consider this question *sua sponte,* since it will most likely be pressed on the Superior Court justice at the new trial herein ordered. Four of the convictions for which an offer of proof was made at trial occurred less than three years prior to the day of the trial when the offer was made and the time period relating to the remaining five ranged from six to eleven years. We think it clear that, at least as to the four convictions for violation of the motor vehicle code occurring not later than three years prior to the time at which they were offered, exclusion because of remoteness would be a clear abuse of discretion.

Moreover, we think that when in the sound discretion of the trial justice, a prior conviction sought to be shown may not be excluded as being remote, the fair trial concept requires the trial justice to instruct the jury at the time a conviction or convictions are received in evidence that it or they are being admitted for the sole purpose of impeaching credibility and are otherwise without probative value.

The plaintiff's first assignment of error having merit, it becomes unnecessary to consider the other two.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Gunning & LaFazia, John F. McDonough,* for plaintiff.

*Martin Zucker,* for defendant.