**STATE**

v.

**Curtis L. MAXIE.**

No. 88–71–C.A.

Supreme Court of Rhode Island.

Feb. 16, 1989.

James E. O'Neil, Atty. Gen., Caroline Cole Cornwell, Nicholas Trott Long and Annie Goldberg, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin and Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

KELLEHER, Justice.

The defendant, Curtis Maxie (Maxie), stands convicted by a Superior Court jury of having committed a robbery. Maxie's first trial on this charge culminated in a guilty verdict. His appeal from this conviction was summarily sustained.[1] The jury in the second trial returned a guilty verdict. Maxie's current appeal alleges that the trial justice committed four prejudicial errors that demand a new trial.

The alleged victim, Darryll Coli (Coli), testified that he was "dining" in his car in the parking lot of Burger King on Broad Street in Providence at approximately 7:30 p.m. on September 6, 1984, when he was suddenly punched in the face by Maxie. One of Maxie's two companions then opened the car door, and the trio proceeded to confront Coli for the next minute to minute and a half. When Coli noticed a passing police car he yelled for help, and although the officer did not hear him, the attackers became frightened and walked away. The trio made off with approximately $7 from Coli's automobile console as well as his portable stereo unit worth over $400.

After making a futile attempt to convince the manager of Burger King to call the police, Coli got back into his car and managed to locate the police car that had passed earlier. Upon explaining to the officer what had just happened, Coli and the officer drove back to the Burger King area where Coli saw three men who he thought were his assailants. The police officer gave chase to the trio and managed to apprehend two individuals. Coli subsequently identified both individuals as participants in the robbery. The third individual, however, managed to elude the officer.

Coli then drove to the Providence police station where a detective asked him to describe the third assailant. A second detective overheard the description and immediately thought of an individual matching the

description who had been arrested earlier that evening and had since been released. He put together a photo array containing the previously arrested individual and showed it to Coli, who identified Maxie as the third perpetrator.

The police officers testified that Maxie had been arrested at 6:10 p.m. on the evening of the Coli robbery on a charge of attempted larceny. The officers stated that Maxie was processed and released sometime between 7 and 7:15 p.m. Maxie's testimony regarding the time of his release is somewhat contradictory. At one point he testified that he had been at the police station for at least two hours because he had fallen asleep; at another time he testified that he knew he was released at around 7:15 p.m. because he noticed a clock on the police station wall as he departed. Maxie further testified that upon his release he immediately traveled to a downtown bar to meet a friend. Once Maxie and his friend had located a second friend with a car, they set out for Pawtucket. The trip, however, was interrupted when the automobile was stopped by the State Police on North Main Street in Providence at 8:50 p.m.

The friends that Maxie alleges he was with that evening substantially corroborate his testimony; however, neither could be sure of the time defendant joined their company.

The defense also presented a witness who admittedly took part in the robbery of Coli. This witness testified that Maxie was not a participant in the robbery. He insisted that the third robber was a person named Billy whom he had met that day and had not seen since.

The first error alleged by Maxie is that the trial justice failed to give an explicit instruction that the state bears the burden of proving beyond a reasonable doubt that Maxie had robbed Coli. Maxie takes special exception to the portion of the charge where the trial justice said:

**1.** *State v. Maxie,* No. 87–3–C.A. (an unpublished order was issued May 13, 1987). In the first trial the trial justice failed to charge the jury that the state had the burden of proving beyond

a reasonable doubt that Maxie had the intent to deprive Coli permanently of his property. Such a requirement is to be found in *State v. Robalewski,* 418 A.2d 817, 821 (R.I.1980).

"There are [four] elements to the crime of robbery, each of which must be proved beyond a reasonable doubt. The State must prove that the taking was forcible and felonious. The State must prove (2) that money or goods of some value were taken. (3)[T]hat the goods or money were taken from the person of another or in his presence and (4) that the goods or money were taken against the will of the victim by violence or by putting him in fear and the State must prove each of those [four] elements beyond a reasonable doubt."

Maxie alleges that there are actually five elements to the charge of robbery. He contends that in addition to proving the traditional four elements of robbery, the state must prove beyond a reasonable doubt that he participated in the crime.

 There is no question that the proposition that the state bears the burden of proving identity beyond a reasonable doubt is correct. However, this court has held on numerous occasions that an appellant will not be allowed to point to a single sentence in a jury charge to show an incorrect statement of law. *State v. Hadrick,* 523 A.2d 441, 444 (R.I.1987); *State v. Lambert,* 463 A.2d 1333, 1338 (R.I.1983). Instead we have held that we shall review the jury charge in its entirety to determine its correctness. *State v. Andrade,* 544 A.2d 1140, 1143 (R.I.1988); *State v. Hadrick,* 523 A.2d at 444; *State v. Lambert,* 463 A.2d at 1338; *State v. Baker,* 417 A.2d 906, 910 (R.I.1980). In making this review, we are to determine how " 'a jury composed of ordinarily intelligent persons listening to that instruction * * * would have appreciated the instructions as a whole.' " *State v. Andrade,* 544 A.2d at 1143 (quoting *State v. Hadrick,* 523 A.2d at 444). We also recognize that a trial justice " 'may charge the jury in his own words as long as he states the applicable law.' " *Id.*

 In reviewing the jury charge as a whole, we find two statements by the trial justice to be particularly detrimental to Maxie's claim that the jury was incorrectly charged. One page after the above-quoted language, the trial justice told the jury:

"In the context of this case ladies and gentlemen, *the state must satisfy you beyond a reasonable doubt that the defendant,* either alone or with others, by force, violence or by putting Darryll Coli in fear, took his stereo or money or both while he was present and that he did so with the intention of permanently depriving Darryll Coli of his property, that money and that stereo." (Emphasis added.)

Also, in describing the meaning of reasonable doubt, he said:

"[P]roof beyond a reasonable doubt has been demonstrated if after a full, fair and honest consideration of the evidence you have an abiding conviction of the truth of the charges against *this defendant.*" (Emphasis added.)

Since we think that a jury composed of ordinarily intelligent persons listening to the charge as a whole would not have misunderstood the applicable law, we find no error.

One of the defense witnesses was Kenneth Prout. During direct examination he was asked if on September 6, 1984, sometime in the vicinity of eight o'clock or so, he had seen Curtis Maxie. The response was in the affirmative. Subsequently the witness was asked, "What did Mr. Maxie tell you when he saw you?" An objection to the inquiry was lodged by the prosecutor. The trial justice sustained the objection. After the defense counsel had indicated that Prout's testimony would "corroborate" Maxie's testimony, the trial justice indicated that he was satisfied that the objection was good.

Before us Maxie's appellate counsel argues that the trial justice was in error because if Prout were allowed to answer the inquiry, it would indicate that Maxie was consistent in his testimony in regard to what he did upon his release from the police station. In making this contention, Maxie's counsel relies on the Rhode Island Rules of Evidence, specifically Rule 801(d)(1)(B). A simple response to this contention could be that the rule or its contents were never brought to the trial justice's attention. In light of this omission,

we could reject Maxie's contention out of hand. However, in the interest of finally disposing of Maxie's appeal, we shall consider the trial justice's alleged error.

Rule 801(d)(1)(B) provides that a prior consistent statement is not hearsay if it is being offered to rebut an express or implied charge of "recent fabrication or improper influence or motive."

At trial Maxie described his departure from the police station as taking place sometime between 7:15 and 7:20 p.m. because as he was leaving the premises, he noticed a clock on the wall. At this revelation the prosecutor asked Maxie if this was the first time he had ever mentioned the clock on the wall. Although the prosecutor's inquiry does suggest a recent fabrication, Prout's testimony gives little support for removing the hearsay taint from his testimony. At no time did Prout, in his testimony, make any response that would indicate that Maxie had told him of the station-house clock.

 The trial justice has the discretion to determine whether a prior consistent statement is being offered to rebut the contention that earlier testimony was of recent fabrication. *United States v. Herring*, 582 F.2d 535, 541 (10th Cir.1978). When a trial justice exercises discretion, we shall find error only if this discretion has been abused. *Id.* We find no error.

We now turn to Maxie's allegation that the trial justice committed error when he denied Maxie's motion in limine to preclude the state from disclosing, for impeachment purposes, certain prior criminal convictions of himself as well as of two of his defense witnesses. The jury became aware that Maxie was convicted of attempted larceny in May of 1983 and of robbery in December of 1986. The jury also heard that one of Maxie's defense witnesses was convicted of seven misdemeanors between 1982 and 1984 as well as a robbery charge in Octo-

ber of 1984. Finally the jury was informed that another of Maxie's defense witnesses was convicted of four drug-related felonies between the years 1970 and 1985. In his charge, the trial justice informed the jury that the sole permissible use of prior-conviction testimony is to assess the credibility of the witness.

Maxie contends that his two prior convictions should have been excluded either because they were too remote to be of any probative value or because their probative value was outweighed by their prejudicial effect. Regarding the multiple convictions of his witnesses, Maxie claims that either they were too remote or they had no bearing upon the witnesses' truth and veracity.

In Rhode Island the right to impeach a witness's credibility by showing prior convictions is statutory. General Laws 1956 (1985 Reenactment) § 9–17–15. The practice has been "that a witness may be impeached by evidence of a prior conviction, regardless of the possible prejudice or of whether the conviction was for a crime involving dishonesty or false statement." *State v. Moretti*, 521 A.2d 1003, 1011 (R.I. 1987). This court has held that the sole basis upon which a trial justice can prohibit the use of a prior conviction of a crime to impeach a witness's credibility is remoteness. *State v. Lariviere*, 527 A.2d 648, 650 (R.I.1987); *State v. Aptt*, 441 A.2d 824, 828 (R.I.1982). The question of whether a conviction is too remote to be admissible as bearing on credibility is left to the sound discretion of the trial justice. *State v. Powell*, 533 A.2d 530, 532 (R.I.1987). His decision in this area will be reviewed only for an abuse of discretion. *Id.*

 On July 23, 1987, this court adopted the Rhode Island Rules of Evidence. The rules became effective on October 1, 1987. Rule 609 concerns the impeachment of witnesses through the use of prior convictions.[2] Whereas it can certain-

2. Rule 609 of the Rhode Island Rules of Evidence provides in pertinent part:

"(b) *Discretion.* Evidence of a conviction under this rule is not admissible if the court determines that its prejudicial effect substantially outweighs the probative value of the

conviction. If more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, or if the conviction is for a misdemeanor not involving dishonesty or

ly be said that the rule was not intended to replace § 9–17–15, there can be no question that it places the statute in a new light. Now a trial justice is required to determine whether the prejudicial effect of evidence outweighs its probative value. If the prejudicial effect of the conviction substantially outweighs its probative value, it is inadmissible. Additionally,

"if more than ten years [have] elapsed since the date of the conviction or the release of the witness from the confinement imposed for that conviction, whichever is the later date, or if the conviction is for a misdemeanor not involving dishonesty or false statement, the proponent of such evidence shall make an offer of proof out of the hearing of the jury so that the adverse party shall have a fair opportunity to contest the use of such evidence." Rule 609(b).

Despite these modifications, nothing in Rule 609 suggests or implies that decisions regarding the admissibility of prior convictions for impeachment purposes are no longer discretionary matters for the trial justice to decide. Maxie was given every opportunity to contest the use of many convictions outside the presence of the jury, but after listening to the respective arguments, the trial justice, in exercising his discretion, decided several were admissible. Again, because the record does not point to any abuse of discretion on the part of the trial justice in admitting the various convictions of Maxie or his witnesses, the trial justice's actions shall not be disturbed.

■ Maxie's final allegation of error is that the "mug shots" the trial justice allowed as full exhibits were insufficiently sanitized and therefore highly prejudicial to his defense. Maxie argues that the photographs were improperly admitted under the following criteria articulated in *United States v. Fosher*, 568 F.2d 207, 214 (1st Cir.1978), and adopted by this court in *State v. Lemon*, 456 A.2d 261, 265 (R.I. 1983):

"(1) the prosecution must have a demonstrable need to introduce the photographs; (2) the photographs themselves, if shown to the jury, must not imply that the defendant had a prior criminal record; and (3) the manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs." 456 A.2d at 265.

We agree with Maxie that the second criteria of the *Lemon* test has not been satisfied. The photograph of Maxie that was admitted as evidence was nothing more than the typical "mug shot" with a frontal view attached to a profile view. The photograph was partially sanitized when the trial justice ordered that the police information be removed, but the chains that held this information were visible. In the case of *State v. Long*, 488 A.2d 427, 432 (R.I.1985), this court approved of the admission of frontal view "mug shots" in which the police information had been concealed with cardboard. However, we went on to hold that double-shot pictures, with front and profile shots alongside each other, could reasonably lead one to believe that the person in the photographs has had trouble with the police. *Id.* Considering this likely inference and the relative ease with which the photographs could have been separated prior to their presentation to the jury, we hold that the second criteria of the *Lemon* test requires that this step be taken.

Despite this error by the trial justice, we hold that in light of other evidence properly admitted, it was harmless. During Maxie's testimony the jury was well aware of the fact that he had been convicted of robbery in 1976 and attempted larceny in 1983. We held in *State v. Bowden*, 439 A.2d 263, 269 (R.I.1982), that the erroneous inclusion of objectionable evidence is harmless if such evidence would not influence an average jury on the ultimate issue of guilt or innocence. We believe that the admission of the "mug shots" did not improperly influence the jury, especially in light of the

false statement, the proponent of such evidence shall make an offer of proof out of the hearing of the jury so that the adverse party

shall have a fair opportunity to contest the use of such evidence."

prior-conviction evidence properly admitted at trial. Therefore, although the admission of the "mug shots" was error, it was harmless.

The defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the case is remanded to the Superior Court.