STATE

v.

**Howard SIMPSON.**

No. 91–188–C.A.

Supreme Court of Rhode Island.

April 10, 1992.

James E. O'Neil, Atty. Gen., Annie Goldberg, Sp. Asst. Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Catherine Gibran, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

KELLEHER, Justice.

This controversy comes to us on the defendant's appeal from two convictions of first-degree child molestation—violations of G.L.1956 (1981 Reenactment) § 11-37-8.1, as amended by P.L.1984, ch. 59, § 2. The defendant, Howard Simpson (Simpson), was initially indicted in November 1988 and charged with six counts of sexual assault upon a minor. These charges consisted of indecent touching, cunnilingus, and sexual penetration of a minor female between the ages of eight and eleven years. Prior to the commencement of the trial in mid-June 1990 the state dismissed four of the six counts that were lodged against Simpson pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. The jury returned guilty verdicts on the two remaining counts. Simpson was sentenced to two concurrent life sentences that would run consecutively with another sentence he was currently serving for an unrelated crime. The pertinent facts of this controversy are as follows.

The victim in this case is a young girl to whom we shall hereafter refer as Ann. Ann was eight years old when her mother began dating Simpson in 1983. At the trial Ann testified that Simpson would occasionally spend the night at the apartment she and her mother occupied. During these visits Simpson initially touched Ann by placing his hands on Ann's chest over and under her shirt. Ann testified that she remained silent about these advances because she feared Simpson and because he warned her not to tell anyone. A year later, when Ann was nine years old, she took up residence in another apartment where she lived with her mother, her sister, a cousin, and Simpson. Simpson resumed his advances toward Ann, which increased in both frequency and despicability. Ann testified that Simpson's nighttime visits continued two or three times per week until Simpson moved out of the apartment.

Simpson's assaults included watching Ann shower, fondling her chest and genitals, and performing cunnilingus and penetration. By the time Simpson's abominable conduct ended, Ann was twelve years old and in the sixth grade.

One year later, when a rape-crisis counselor visited Ann's seventh-grade class and informed the students that "it was wrong" for "adults to have sex with children," Ann revealed Simpson's conduct to her guidance counselor. Ann then underwent therapy at Bradley Hospital. During this time she stated she "heard voices" relating to Simpson's activities. The counselor referred the matter to the appropriate authorities, including the Department of Children and Their Families (DCF), which action led to Simpson's subsequent indictment and conviction.

On appeal Simpson raises two questions. He contends that the trial justice erred in failing to give an appropriate cautionary instruction to the jury regarding the prosecutor's closing argument and in denying Simpson's motion in limine to preclude evidence of his prior convictions for impeachment purposes, thereby infringing upon his right to testify. We do not endorse either of these contentions. Accordingly we affirm the actions of the trial justice and uphold Simpson's conviction.

Simpson's initial issue on appeal is his contention that the trial justice's refusal to give an appropriate cautionary instruction to neutralize the prejudicial effect of the prosecutor's remarks that stated facts not in evidence to the jury warrants a mistrial. We disagree.

In his closing argument the prosecuting attorney referred to Ann's "auditory hallucinations" and noted that it was reasonable for this child to suffer mental anguish and subsequent hospitalization following Simpson's repeated atrocities, which had incidentally occurred over a four-year period. Moreover, the prosecutor stated, Ann's resulting trauma did not render her testimony either untrue or unreliable. Defense counsel objected to the implication that Simpson may have caused Ann's psychiatric problems and further noted that

the fact that Ann had "heard voices" may have caused the child to fabricate her allegations of sexual assault.

■ In assessing the propriety of prejudicial conduct of the prosecution toward a jury, a trial justice must review the questioned statements in the context of accompanying circumstances and ascertain its meaning as a jury would understand as it listened to the prosecutor's argument and not how the court might have read it from a printed page. *State v. Andrews*, 120 R.I. 771, 775–76, 390 A.2d 926, 929 (1978). The decision to declare a mistrial rests within the sound discretion of the trial justice. *State v. Lassor*, 555 A.2d 339, 347 (R.I. 1989); *State v. St. Amant*, 536 A.2d 897 (R.I.1988); *State v. Fernandes*, 526 A.2d 495 (R.I.1987); *State v. Collazo*, 446 A.2d 1006 (R.I.1982). Indeed, a reviewing court will not disturb the trial justice's determination unless it is clearly wrong. However, this court has not been averse to reversing convictions for prejudicial misstatements by the prosecution. *See State v. Lima*, 546 A.2d 770 (R.I.1988); *State v. Mello*, 472 A.2d 302 (R.I.1984); *compare State v. Marrapese*, 583 A.2d 537 (R.I.1990) (prosecutor's comments do not require mistrial when trial justice appropriately admonishes jury upon objection).

■ We have examined the record to determine how the jury would interpret the prosecution's questioned statement in this dispute. In his instructions, the trial justice cautioned the jury that the closing summation of either advocate was not to be considered in determining the truth of the issues. With regard to giving a curative instruction in response to the prosecutor's remarks, the trial justice observed that "they [the jurors] should have an open mind as to what, if anything, was a contributing cause to this young lady's mental aberrations" and so declined to instruct the jury otherwise. Continuing, the trial justice stated that since "she's [Ann] no longer a sufferer of those hallucinations or hearing the voices," the implication of cause and effect remained within the jury's purview to consider. The trial justice further expressed his belief that an instruction

diverting the jury's attention from that question would result in a "gross injustice" both to the state and to Simpson.

Although the prosecutor did cull this inference of cause and effect from Ann's testimony at the trial, this court is of the opinion that doing so did not so drastically misstate the evidence as to warrant a mistrial. Here we adhere to the established principle set forth in *State v. DeCiantis*, 501 A.2d 365, 367 (R.I.1985), where we stated that

"[t]he trial justice is better able to assess the degree of prejudice created and the effectiveness of prompt curative instructions aimed at purging the potentially prejudicial statement from the jurors' minds. *State v. Hoyle*, 122 R.I. 45, 404 A.2d 69 (1979); *State v. Freitas*, 121 R.I. 412, 399 A.2d 1217 (1979). The attendant facts and circumstances of each case must be carefully evaluated; whether the trial justice exercised proper discretion is an assessment that does not lend itself to any fixed formula."

Having scrutinized the record, we believe that the trial justice's instructions to the jury were proper.

We now turn to the second and final issue posed to us by Simpson's appeal. Because Simpson's record dated from 1975, when he was nineteen years old, the trial justice properly granted a portion of the motion in limine and excluded some earlier convictions for remoteness. However, the trial justice also refused to exclude from presentation to the jury two of Simpson's more recent convictions—that of possession of marijuana in 1982 and conspiracy to murder, assault with a deadly weapon, and assault with intent to kill in 1987. Simpson argues that the trial justice's denial of this latter portion of his motion in limine denied him his right to testify on his own behalf, as his decision whether to testify at trial was contingent upon the court's resolution of the motion. Additionally Simpson argues that since his previous crimes do not involve dishonesty or false statement, such evidence is not permissible impeachment evidence. We disagree.

Unlike the more restrictive Rule 609 of the Federal Rules of Evidence, the general rule pertaining to the exclusion of conviction evidence in Rhode Island is premised upon G.L.1956 (1985 Reenactment) § 9–17–15, which provides that a witness's credibility may be impeached by showing a conviction or sentence for *any* crime or misdemeanor.[1]

■ In 1987 this general rule was supplemented by a related but separate evidentiary rule that provided that the credibility of any witness, including an accused individual who becomes a witness, may be impeached by prior-conviction evidence on the basis of remoteness or upon a balancing test. Rhode Island Rule of Evidence 609.[2]

This court has stated previously that Rule 609 does not replace § 9–17–15, although it does place the statute "in a new light." *State v. Maxie,* 554 A.2d 1028, 1031–32 (R.I.1989). In *Maxie* we observed that a trial justice is required to determine whether the prejudicial effect of conviction evidence outweighs its probative value. *Id.* at 1032. If in so balancing, the prejudicial effect of the conviction substantially outweighs its probative effect, then the conviction is inadmissible. *Id.* Thus in his or her discretion, a trial justice may permit the exclusion of such conviction evidence on the basis of either remoteness or a balancing test. It is with these two foundations Simpson takes exception.

■ Although this court has consistently held that prior convictions should not be too remote in time, there is no fixed time limit on the use of prior crimes. *State v. Lombardi,* 113 R.I. 206, 209, 319 A.2d 346, 347 (1974); *see also State v. Wallace,* 428 A.2d 1070, 1072 (R.I.1981) (upholding use of twelve-year-old conviction); *State v. Pope,* 414 A.2d 781, 784 (R.I.1980) (upholding use of nineteen-year-old conviction); *compare Mercurio v. Fascitelli,* 107 R.I. 511, 516–17, 268 A.2d 427, 430 (1970) (exclusion of convictions not earlier than three years prior to time offered constitutes reversible error). Instead the determination of what is remote so as to create undue prejudice in a particular case remains an issue properly left to the discretion of the trial justice. *State v. Camirand,* 572 A.2d 290 (R.I.1990); *State v. Pope,* 414 A.2d 781 (R.I.1980).

■ According to Simpson's interpretation of the text of Rule 609, his earlier convictions are admissible only if the trial justice finds that the probative value of such conviction outweighs the prejudicial effect. Simpson misconstrues the clear language of the rule that in fact states the converse, that is, that a conviction is *not* admissible if a trial justice determines a conviction's prejudicial effect substantially outweighs its probative value. Absent a clear determination by a trial justice bal-

---

1. General Laws 1956 (1985 Reenactment) § 9–17–15 provides:

   "**Effect of conviction for crime.**—No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

2. Rule 609 of the Rhode Island Rules of Evidence provides in pertinent part:

   "**Impeachment by evidence of conviction of crime.**—

   (a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness

or established by public record. 'Convicted of a crime' includes (1) pleas of guilty, (2) pleas of nolo contendere followed by a sentence (i.e. fine or imprisonment, whether or not suspended and (3) adjudications of guilt.

   (b) *Discretion.* Evidence of a conviction under this rule is not admissible if the court determines that its prejudicial effect substantially outweighs the probative value of the conviction. If more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, or if the conviction is for a misdemeanor not involving dishonesty or false statement, the proponent of such evidence shall make an offer of proof out of the hearing of the jury so that the adverse party shall have a fair opportunity to contest the use of such evidence."

ancing these factors, the prior-conviction evidence is admissible. Nothing in Rule 609 suggests that decisions regarding the admissibility of prior convictions for impeachment purposes are no longer discretionary matters for a trial justice to decide.

Lastly we earlier rejected Simpson's ancillary argument that convictions not involving dishonesty or false statement do not have an impact upon a witness's credibility. *State v. Moretti,* 521 A.2d 1003, 1011 (R.I.1987); *State v. Palmigiano,* 112 R.I. 348, 356, 309 A.2d 855, 860 (1973). Again, a thorough perusal of the record reveals no abuse of discretion on the part of the trial justice, who correctly admitted two of Simpson's convictions in question.

Accordingly, the defendant's appeal is denied. We affirm the judgment of conviction and remand the case to the Superior Court.