STATE

v.

Francisco MARTINEZ.

No. 93–428–C.A.

Supreme Court of Rhode Island.

Jan. 18, 1995.

Jeffrey Pine, Atty. Gen., Annie Goldberg, Aaron L. Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

SHEA, Justice.

This matter came before the Supreme Court on the appeal of Francisco Martinez (defendant) from Superior Court jury convictions of first-degree murder and assault with a dangerous weapon. For the following reasons we affirm.

The facts pertinent to this appeal are as follows. On December 21, 1990, Arlene Delavega was shot and killed in the Prospect Heights housing project in Pawtucket, Rhode Island. During the shooting Cecilio Maldonado, Arlene Delavega's stepfather (Maldonado), was also shot and sustained injuries to his thigh and arm. It is uncontradicted that the gun involved in the shooting belonged to defendant. The defendant was charged with first-degree murder of Arlene Delavega and assault with intent to murder Maldonado. On February 3, 1993, defendant was found guilty of first-degree murder and assault with a dangerous weapon. On April 23, 1993, the trial justice sentenced defendant to life imprisonment on the murder charge and to twenty years, fifteen suspended, on the assault-with-a-dangerous-weapon charge. The defendant timely appealed the matter to this court.

The first issue presented to this court is whether the trial justice erred by not passing the case when a potential juror, a Department of Corrections employee, indicated before the presence of the entire jury panel during voir dire that he had come into contact with defendant while he was working at the Intake Service Center in Cranston. Following the prospective juror's remark, defense counsel moved for a mistrial. The trial justice reserved judgment on the motion and subsequently denied the motion following voir dire. The defendant asserts that the prejudicial effect that can arise from the jury's knowledge of his incarceration results from the likelihood that the jury will infer that defendant is incarcerated as a result of previous criminal activity and is thus possessed of a criminal disposition. *State v. Burke,* 529 A.2d 621, 628 (R.I.1987). Therefore, defendant argues, the remark of the prospective juror constituted a prejudicial effect on the jury and warranted a mistrial.

■ A decision on a motion to pass a case and declare a mistrial lies within the sound discretion of the trial justice and will not be disturbed on appeal unless clearly wrong. *State v. Ware,* 524 A.2d 1110, 1112 (R.I.1987); *State v. Ucero,* 450 A.2d 809, 814 (R.I.1982). In *State v. Martinez,* 624 A.2d 291 (R.I.1993), this court addressed the issue of whether a mistrial should be granted when a trial justice, in the presence of the jury, made a reference to the need to transport a criminal defendant to his holding cell in the courthouse. In *Martinez* this court acknowledged that marshals were never more than six feet away from the defendant throughout the trial and found that "the jury not being unintelligent people, would certainly come to the conclusion that [Martinez was] certainly being held within the constraints of the marshals." *Id.* at 294. We found that the trial justice's remarks may have been inappropriate, but that they did not rise to a prejudicial level that would require a mistrial. *Id.* at 295.

■ The defendant cites *State v. Pugliese,* 117 R.I. 21, 362 A.2d 124 (1976), for the proposition that the mere mentioning of the Adult Correctional Institutions (ACI) in the presence of the jury constitutes grounds for a mistrial. In *Pugliese,* during questioning, a witness referred to an individual as a friend of the defendant "from up at the A.C.I." *Id.* at 23, 362 A.2d at 125. This court found the witness's reference to the ACI irrelevant and prejudicial because the identification issue

was in question and this reference may have persuaded the jury to convict the defendant. *Id.* at 27, 362 A.2d at 127. This defendant's reliance on *Pugliese* is misplaced. The statement referring to defendant's incarceration was made before jury selection was complete. There was no request for a corrective instruction by counsel for defendant. The defendant was clearly the only involved person carrying a weapon on the evening of the shooting, and the evidence of guilt was overwhelming. Therefore, we agree with the trial justice's determination that the prospective juror's comment was not prejudicial and defendant's motion for a mistrial was properly denied.

■ The second issue raised by defendant is whether the trial justice erred in denying his motion in limine to preclude the use of defendant's prior criminal record for impeachment purposes. The general rule pertaining to the exclusion of prior convictions in Rhode Island is premised upon G.L.1956 (1985 Reenactment) § 9–17–15, which provides that a witness's credibility may be impeached by showing a conviction or sentence for any crime or misdemeanor. In addition Rule 609(b) of the Rhode Island Rules of Evidence provides in part:

> "Evidence of a conviction under this rule is *not admissible if the court determines that its prejudicial effect substantially outweighs the probative value of the conviction.*" (Emphasis added.)

At trial the prosecution cross-examined defendant, using the following six prior criminal convictions: (1) larceny from a person over $500, (2) entering a building with felonious intent, (3) assault with a dangerous weapon, (4) possession of a controlled substance, (5) delivery of a controlled substance, and (6) assault with intent to rob. Following the cross-examination, the trial justice gave the jurors a limiting instruction that they could consider this evidence "only in judging the credibility of a witness" and not for any other purpose.

The defendant argues that the trial justice failed to determine whether the prejudicial effect of the evidence of the prior convictions outweighed its probative value as outlined in *State v. Maxie*, 554 A.2d 1028 (R.I.1989).

The defendant further argues that the prior convictions for assault with a dangerous weapon and assault with intent to rob are similar to the murder charge, being similarly violent crimes, and therefore have an extremely prejudicial impact on the jury's deliberations. The defendant argues that when there is a substantial degree of similarity between a prior conviction and the crime on trial, " 'a high degree of prejudice is created and a strong showing of probative value would be necessary to warrant admissibility.' " *State v. Harrell,* 199 Conn. 255, 261, 506 A.2d 1041, 1044 (1986).

■ In this jurisdiction the trial justice is endowed with discretion when determining the admissibility of prior convictions in impeaching the credibility of witnesses. *Maxie,* 554 A.2d at 1032. The record clearly indicates that the trial justice balanced the probative value of the prior convictions against their prejudicial effect. In fact the trial justice stated, "I am not satisfied, in terms of remoteness, or *prejudice,* that any one of these convictions should be excluded, and the motion in limine is denied." (Emphasis added.)

■ In *State v. Simpson,* 606 A.2d 677 (R.I.1992), this court addressed the issue of whether a defendant convicted of first-degree child molestation could preclude the admissibility of prior convictions of assault with intent to murder and drug possession. In *Simpson* the defendant made a similar argument to that asserted by defendant in the case at bar, arguing that the admissibility of prior convictions constituted reversible error because the trial justice failed to find that the probative value outweighed the prejudicial effect of the convictions. *Id.* at 680. Likewise, in the case at bar we find that defendant has misread the plain language of Rule 609(b). As stated previously, Rule 609(b) states that a conviction is *not admissible if a trial justice determines that a conviction's prejudicial effect substantially outweighs its probative value.* This record clearly indicates that the trial justice did not find that the prejudicial effect of these prior convictions substantially outweighed their probative value. Therefore, we shall not disturb

the decision of the trial justice to admit the prior convictions of defendant.

 The final issue presented is whether the trial justice erred in declining to give defendant's requested jury instruction on self-defense in regard to the charge of assault on the person of Maldonado. It is well settled law that individuals believing that they are in imminent peril of bodily harm can use such nondeadly force as is reasonably necessary in the circumstances to protect themselves. *State v. Fetzik*, 577 A.2d 990 (R.I.1990); *State v. Quarles*, 504 A.2d 473 (R.I.1986); *State v. Tribble*, 428 A.2d 1079 (R.I.1981). In the case of deadly force, individuals attacked must attempt to retreat if they are consciously aware of an open, safe and available avenue of escape. *State v. Guillemet*, 430 A.2d 1066 (R.I.1981).

The defendant asserts that a trial justice must instruct on self-defense even if a claim is based on "slight and tenuous evidence." *State v. Butler*, 107 R.I. 489, 495–96, 268 A.2d 433, 436–37 (1970). We agree with defendant's proposition; however, in the case before us there is not one scintilla of evidence that defendant acted in a self-defensive posture when he shot Maldonado. In fact defendant himself testified that he chased Maldonado before he "took the two shots." The fact that he admitted and stated that he ran after Maldonado before Maldonado became the target of any shots would negate any claim of self-defense in regard to that count. It is a tenet of the law of self-defense that "in no set of circumstances may one apply more than that degree of force necessary to prevent bodily injury." *State v. D'Amario*, 568 A.2d 1383, 1385 (R.I.1990).

We believe that there is no evidence that supports the defendant's contention that he was in fear of his life and was justified in using deadly force. In addition to the fact that the defendant admitted first "chasing" Maldonado, it is also basic law that "one may not invoke the doctrine of self-defense if he or she has instigated the combative confrontation." *State v. Lamoureux*, 573 A.2d 1176, 1180 (R.I.1990). We are in full accord with the reasoning of the trial justice, and the defendant's final argument fails.

For the foregoing reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.