**STATE**

v.

**Thomasso CAPUANO.**

No. 96–96–C.A.

Supreme Court of Rhode Island.

April 29, 1997.

Jane McSoley, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

This case came before the Supreme Court on April 10, 1997, pursuant to an order directing the defendant, Thomasso Capuano, to show cause why the issues raised in this appeal should not be summarily decided. The defendant has appealed from a judgment of conviction in the Superior Court of breaking and entering. After reviewing the memoranda submitted by the parties and hearing the arguments of counsel, this Court is of the opinion that cause has not been shown, and the appeal will be decided at this time.

On August 27, 1992, James Gallogly (Gallogly), a Providence police officer, learned that his house had been broken into and burglarized while he was away on vacation. Among the items stolen were Gallogly's two service weapons, which he had kept locked in a steel box. The box had been pried open, and police recovered a palmprint from it. The following day, based on information supplied by a neighbor, police stopped an automobile operated by defendant about a mile-and-a-half from Gallogly's house. The defendant was arrested for driving without a license and registration. At the station, police took defendant's palmprint, which matched the palmprint recovered from the gun box. Shortly thereafter police located the stolen guns in the possession of one Raymond Silva (Silva). Silva testified that defendant sold him the guns.

On appeal, defendant first argued that the police lacked reasonable suspicion to stop the car he was driving. Shortly after the break-in was discovered, however, a neighbor informed police that on the previous night a "suspicious" Hispanic male with shoulder-length hair had knocked on her door and asked for "John." The neighbor reported that the man left but later returned with a white male in an older-model green Dodge Dart and walked into her back yard. Based on this information, police were alerted to be on the lookout for a car and person fitting the neighbor's description. We are of the opinion that the fact that the car and driver matched the neighbor's description provided reasonable suspicion sufficient to justify the investigatory stop. *See State v. Ortiz*, 609 A.2d 921, 925–26 (R.I.1992) (discussing requirement of reasonable suspicion for investigatory stops). The defendant also suggested that the police lacked probable cause to arrest defendant. It is undisputed that defendant was driving the car without a driver's license or registration. It is our opinion that these violations supported the arrest and that the arrest was not merely pretextual. *See Whren v. U.S.*, —— U.S. ——, ——, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89, 97–98 (1996) (subjective motivations of officers irrelevant). *See also State v. Scurry*, 636 A.2d 719, 723 (R.I.1994) (arrest not fatally pretextual merely because police have dual motive for making arrest).

The defendant next argued that the trial justice erred in instructing the jury on identification by witnesses and in failing to give a curative instruction. Although it would have been preferable to acknowledge the lack of witnesses at the crime scene before discussing the factors to be considered in evaluating identifications that occurred subsequent to the crime, the instructions were not reversible on this basis.

The defendant's third contention was that the trial court erred in admitting evidence of defendant's prior convictions for cocaine possession and receiving stolen goods because these convictions were unduly prejudicial. It is well established that the admissibility of prior convictions for impeachment purposes under G.L. 1956 § 9–17–15 and Rule 609 of the Rhode Island Rules of Evidence is a matter addressed to the sound discretion of the trial court. *State v. Martinez*, 652 A.2d 958 (R.I.1995). In our opinion, that discretion has not been abused.

Finally, defendant asserted that the trial justice erred in denying defendant's motion for a new trial. A trial justice's ruling on a motion for a new trial is entitled to great weight and will not be disturbed on appeal unless this Court determines that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. *State v. Vorgvongsa*, 670 A.2d 1250, 1252 (R.I.1996). Our review of the record reveals ample support for the trial justice's ruling. The palmprint taken from the crime scene matched defendant's palmprint, Silva identified defendant as the person who sold him

the stolen guns, and defendant matched the description given by a neighbor of a person lurking near Gallogly's home near the time of the break-in.

For the foregoing reasons, we deny and dismiss the defendant's appeal, affirm the judgment of the Superior Court, and remand the papers in the case to the Superior Court.