January 23, 2025

**Supreme Court**

No. 2021-292-M.P.
(PM 21-3544)

Francisco Martinez              :

v.             :

State of Rhode Island.      :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Francisco Martinez          :

v.                          :

State of Rhode Island.      :

Present:  Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  This case came before the Supreme Court pursuant to a petition for a writ of certiorari filed by the state, seeking review of a Superior Court decision that granted an application for postconviction relief that had been filed by the applicant, Francisco Martinez.  The state contends before this Court that the hearing justice erred in ordering the Parole Board to immediately release Mr. Martinez on parole to the community in view of the fact that the hearing justice had determined that Mr. Martinez was eligible for parole as a result of the aggregation of his life sentence with his consecutive sentence of twenty years, with five years to serve.

- 1 -

For the reasons set forth in this opinion, we affirm in part and quash in part the judgment of the Superior Court, and we remand this case for further proceedings consistent with this opinion.

# I

## Facts and Travel

On March 1, 1991, a grand jury indicted Mr. Martinez on the following counts (among others): one count of first-degree murder and one count of assault with a dangerous weapon. Subsequently, on February 3, 1993, Mr. Martinez was convicted by a jury of: (1) the first-degree murder count, for which he received a sentence of life imprisonment; and (2) the assault with a dangerous weapon count, for which he received a twenty-year sentence, with five years to serve and the remainder of the sentence suspended, with probation, to be served consecutively to the above-referenced life sentence. This Court affirmed Mr. Martinez's convictions on January 18, 1995. *State v. Martinez*, 652 A.2d 958, 961 (R.I. 1995).

Subsequently, on May 24, 2021, Mr. Martinez filed a *pro se* application for postconviction relief, in which he asserted that, when he was sentenced in 1993, he was never credited for twenty-eight months of time served. Three months later, on August 20, 2021, after counsel had entered an appearance on behalf of Mr. Martinez, an amended application for postconviction relief was filed. That amended application contended that, "[b]ecause of the requirement to aggregate

sentences under [G.L. 1956] § 13-8-10, Mr. Martinez * * * would have parole eligibility determined by adding the minimum eligibility date of a life sentence to the minimum eligibility date of the consecutive term of years." It was Mr. Martinez's further contention that, pursuant to the aggregation requirement, his sentence "required him to serve a total of 16 years and 8 months before being eligible for parole (15 years for the controlling life sentence and 20 months for the consecutive five-year sentence)."

According to Mr. Martinez, from approximately 2009 to 2020, he had on several occasions been considered for and ultimately denied parole. In October of 2020, Mr. Martinez was again considered for parole, with said parole being granted by a unanimous vote of the Parole Board. However, Mr. Martinez has noted that the Parole Board indicated that he "would not be released to the community but rather would be 'paroled' to commence his consecutive five-year sentence."[1] In disagreement with the latter decision by the Parole Board, Mr. Martinez took the position that

> "at some point after 2007, and without notice to Mr.
> Martinez or to the Parole Board prior to a notation in the
> minutes in May 2019, * * * [the Rhode Island

---

[1] It appears that no parole permit for Mr. Martinez was introduced into evidence below. However, the Parole Board minutes relating to Mr. Martinez were introduced into evidence and are a part of the Superior Court record. Those minutes state, in pertinent part: "After full consideration, the Board is satisfied that Mr. Martinez meets parole release criteria and votes to parole him to his next sentence."

Department of Corrections (RIDOC)] decided to alter its internal method of calculating parole eligibility dates for inmates serving more than one sentence, where one of the sentences was for life, apparently by 'disaggregating' sentences so as to determine an initial 'parole eligibility date' for the 'primary' or 'controlling' life sentence, and thereby requiring an inmate with consecutive sentences to first be paroled from the controlling life sentence to serve the consecutive sentence, with no possibility of release from incarceration until the inmate has been approved for parole at least twice."

Mr. Martinez contended that this approach is "contrary to law and irrational," and he further argued that this "arbitrary action" unlawfully required him "to remain in custody until at least May 1, 2022 before release to the community, notwithstanding the Parole Board's unanimous determination that he has already satisfied conditions of parole, and his incarceration for more than 30 years."

On August 25, 2021, the state filed an answer to Mr. Martinez's application for postconviction relief. Shortly thereafter, on September 3, 2021, the state filed a motion for summary judgment. In the state's memorandum in support of its motion for summary judgment, it contended that there is no statute "which specifically addresses parole eligibility for inmates serving sentences of life with a consecutive term of years." Additionally, the state argued that, rather than "acknowledge this lack of statutory authority," Mr. Martinez urged the court to utilize an amalgamation of "statutes in order to achieve the desired result." The state specifically stated that it was "not possible to apply the aggregation formula

set forth in § 13-8-10 to inmates serving life plus a consecutive term of years because there is no possible way to determine what 1/3 of a life sentence actually is." In addition, the state asserted that RIDOC's position that inmates "serving a life sentence followed by a term of years must first be paroled from the life sentence to the consecutive term is clearly premised on the intent of the sentencing justice to impose a sentence that accounts for a delineation between the life sentence and the consecutive sentence."

On September 13, 2021, Mr. Martinez filed an objection to the state's motion as well as a cross-motion for summary judgment. He also filed a memorandum in support of both his objection to the state's motion and his own cross-motion for summary judgment. That memorandum in large measure repeated the arguments which Mr. Martinez had made in support of his release from parole as set forth in his amended application for postconviction relief.

A hearing on the cross-motions for summary judgment took place on September 29, 2021. At the conclusion of the hearing, the hearing justice denied the state's motion for summary judgment and granted Mr. Martinez's cross-motion. In doing so, the hearing justice stated that Mr. Martinez "was parole eligible after serving 15 years of the life sentence on the first-degree murder charge and 20 months on the assault with a dangerous weapon charge for an aggregate term of 16 years and eight months;" and he further ruled that the parole permit

"should have been issued on both sentences * * *." Consequently, the hearing justice ordered that Mr. Martinez be presented to the Parole Board "at the earliest practicable time to be at liberty during the remainder of his sentence upon any terms and conditions that the Parole Board may prescribe."

On October 26, 2021, a judgment entered in favor of Mr. Martinez. On November 22, 2021, the state petitioned this Court for the issuance of a writ of certiorari. This Court granted the state's petition on June 3, 2022.

## II

### Standard of Review

As this Court has previously noted, G.L. 1956 § 10-9.1-1 provides that "the remedy of postconviction relief is available to any person who has been convicted of a crime and who thereafter alleges either that the conviction violated the applicant's constitutional rights or that the existence of newly discovered material facts requires vacation of the conviction in the interest of justice." *Mattatall v. State*, 947 A.2d 896, 901 (R.I. 2008). When "reviewing a hearing justice's determination with respect to an application for postconviction relief, this Court will not disturb the findings of the hearing justice absent clear error or a showing that the hearing justice overlooked or misconceived material evidence." *Id.* (internal quotation marks and brackets omitted). This Court has further stated that "questions of fact concerning whether a defendant's constitutional rights have been

infringed, and mixed questions of law and fact with constitutional implications, are reviewed *de novo*." *Ouimette v. State*, 785 A.2d 1132, 1135 (R.I. 2001).

## III

## Analysis

## A

## Parole Eligibility Calculation

The state asserts that the "principal issue in this case is when an individual serving a life sentence and a consecutive term of years is eligible for parole" from the Adult Correctional Institutions (ACI). The state further states that, when it first filed its brief in this case, this was an issue of first impression. In its initial brief, the state took the position that, when determining Mr. Martinez's parole eligibility date, the hearing justice erred in aggregating Mr. Martinez's sentences to serve. However, in its reply brief, the state candidly concedes that this particular issue is no longer one of first impression.

There is no doubt that this Court's recent opinion in *Neves v. State*, 316 A.3d 1197 (R.I. 2024), is controlling and entirely resolves the aggregation issue. Although the *Neves* case primarily dealt with the interpretation of G.L. 1956 § 13-8-13(e), which is not at issue in this case, this Court also addressed the issue of determining parole eligibility when an individual is serving a life sentence and a consecutive sentence of a term of years. *Neves*, 316 A.3d at 1207-10. In so doing,

this Court stated: "This Court has never held that a prisoner must be granted parole on one sentence to then begin serving the next consecutive sentence." *Id.* at 1209. The Court in *Neves* concluded that "the structure and statutory framework governing parole mandates aggregating an offender's multiple definite and indeterminate sentences in order to calculate parole eligibility, including consecutive sentences * * *." *Id.* And the Court added that

> "[r]ecognizing that because the statutory scheme generally requires that offenders serving multiple definite sentences or multiple indeterminate sentences must have their terms aggregated for parole eligibility purposes, it would be inconsistent with the General Assembly's overall intent and the structure of the parole statutes to conclude that chapter 8 prohibits aggregating an offender's sentences for parole eligibility purposes when those sentences contain both definite and indeterminate terms." *Id.* at 1211 (emphasis omitted).

For this reason, the hearing justice ruled correctly in aggregating Mr. Martinez's sentences to determine his parole eligibility date. Accordingly, we now proceed to consider the state's second and quite separate appellate issue.

**B**

**The Order Immediately Paroling Mr. Martinez to the Community**

In addition to its contentions regarding the issue of the calculation of parole eligibility, the state also contends that the hearing justice erred in ordering the Parole Board to immediately parole Mr. Martinez from the ACI to the community. The state's position is that, even if it was correctly determined that Mr. Martinez

- 8 -

was eligible for parole from the ACI, "there is no authority to support the Superior Court's conclusion that [Mr.] Martinez * * * w[as] entitled to be released on parole." The state asserts that the "parole statutes instead vest the Parole Board with the discretion to issue parole permits based on its review of the criteria set forth in * * * § 13-8-14 and the Parole Board's guidelines and to identify terms and conditions of parole." In response, Mr. Martinez argues that "[t]he hearing justice correctly held that once the parole permit was issued, the law required that Mr. Martinez * * * be released to the community." To that end, Mr. Martinez contends that "Sections 13-8-9(a) and 13-8-16(a) require that once a permit is issued, a prisoner must be released to the community."

Just as was the case with respect to the issue of the calculation of parole eligibility, this Court in *Neves* sustained a virtually identical position taken by the state with respect to Superior Court orders immediately paroling the respondents in that case to the community. *Neves*, 316 A.3d at 1219. In *Neves*, this Court held that the "trial justice exceeded his authority by ordering each respondent immediately paroled to the community." *Id.* The Court reasoned that, because the respondents in that case

> "each possessed a 'signed, sealed, and issued' permit granting parole to each of their respective consecutive sentences, and not the community, the trial justice was without authority to order the parole board to order these respondents to be immediately released when the parole

- 9 -

board itself had not issued a permit to be at liberty on parole." *Id.* at 1220 (emphasis omitted).

As previously noted, the Parole Board minutes relating to Mr. Martinez were introduced into evidence in the Superior Court, and they reflect that the Parole Board voted to parole Mr. Martinez to his consecutive five-year sentence, as opposed to paroling him to the community. In accordance with the holding in *Neves*, we likewise hold in the case at bar that, because Mr. Martinez was paroled to a consecutive sentence and not to the community, the hearing justice lacked the authority to order the Parole Board to order Mr. Martinez to be immediately released to the community when it had not issued a permit for him to be at liberty on parole. *See Neves*, 316 A.3d at 1220. The Parole Board's normal processes must take place before any decision to that effect (*vel non*) can be made. Accordingly, the hearing justice erred in ordering the Parole Board to immediately parole Mr. Martinez to the community.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm in part and quash in part the judgment of the Superior Court, and we remand the case to that tribunal for further proceedings consistent with this opinion. On remand, the Superior Court is directed to remand this case to the Parole Board.

- 10 -

Justice Goldberg did not participate.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex

250 Benefit Street

Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Francisco Martinez v. State of Rhode Island. |
| **Case Number** | No. 2021-292-M.P.<br>(PM 21-3544) |
| **Date Opinion Filed** | January 23, 2025 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Stephen P. Nugent |
| **Attorney(s) on Appeal** | For State:<br><br>Christopher R. Bush<br>Department of Attorney General<br>For Respondent:<br><br>Camille A. McKenna<br>Rhode Island Public Defender |