**STATE**

v.

**James H. GERMANO.**

**No. 88–338–C.A.**

Supreme Court of Rhode Island.

June 12, 1989.

James E. O'Neil, Atty. Gen., Jeffrey J. Greer, Asst. Atty. Gen., for plaintiff.

Paula Rosin, and Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by the defendant, James H. Germano, from a judgment of conviction entered in the Superior Court on four counts of possession of a firearm after having been convicted of a crime of violence in violation of G.L.1956 (1981 Reenactment) § 11–47–5. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

On April 17, 1986, Detective James P. Mullen of the Rhode Island State Police presented to a justice of the Rhode Island District Court an application for a search warrant that was supported by an affidavit containing the following statements:

"I, James P. Mullen, do depose and say:

"That I am a member of the Rhode Island State Police and have been continuously employed in this capacity for the past 13 years. I am presently assigned as a detective in the Intelligence Unit of the Rhode Island State Police.

"During the week of April 6, 1986 your affiant met with a first-time informant regarding a drug operation being conducted in the Town of East Greenwich, Rhode Island. Your affiant's informant is a reliable person in terms of truthfulness and veracity. This informant will be referred to in the masculine gender throughout this affidavit in order to help protect the identity of this informant. Your affiant's informant was also requested to make a controlled purchase from this location, but has refused, stating the dangerous nature of drug deal-

ings and expressed a fear for his life if purchases were made.

"Your affiant's informant advised that a subject identified as James H. Germano is selling drugs, namely cocaine, on a large-scale basis from 5383 Post Road in the Town of East Greenwich, Rhode Island. This informant advised your affiant that he has been to 5383 Post Road, East Greenwich, Rhode Island on several occasions with James Germano and has seen him sell cocaine to unknown customers. Your affiant's informant stated that he has purchased cocaine from James Germano in the past. Your affiant's informant has further stated that he has called James Germano at telephone number 885-2882 and discussed narcotics over the telephone with James Germano as Germano has provided your affiant's informant with the telephone number to contact him at. Your affiant has also been advised by his informant that James Germano operates Rhode Island registration RV-282.

"Your affiant's informant also advised that James Germano is working with other cocaine dealers in the State of Rhode Island who distribute cocaine within the State of Rhode Island. Your affiant's informant has further advised that James Germano has been arrested in the past for narcotics and has a lengthy criminal record as Germano has told your affiant's informant that he has been arrested in the past.

"Your affiant then checked with the Registry of Motor Vehicles on Rhode Island registration RV-282 and it is listed to Rosemary E. Germano, DOB: 8/11/45, of 5383 Post Road, East Greenwich, Rhode Island, for a 1937 Jaguar, color red; however, it should be noted that your affiant has observed this registration plate on a black Mercedes.

"Your affiant then checked with the New England Telephone Company, Security Department, on telephone number 885-2882 and found that this is a nonpublished number listed to Rosemary Germano of 5383 Post Road, East Greenwich, Rhode Island.

"Your affiant then checked with the Division of Criminal Identification in Providence, Rhode Island on James H. Germano, DOB: 9/9/41, and this record check revealed that James H. Germano has a lengthy criminal record. (See attached criminal record of James H. Germano which is made a part of this affidavit.)

"On Monday, April 14, 1986 your affiant along with Det. Brendan P. Doherty, also a member of the Rhode Island State Police Intelligence Unit, placed 5383 Post Road, East Greenwich, Rhode Island under surveillance.

"At approximately 1:34 PM your affiant along with Det. Doherty observed Rhode Island registrations RV-282 and JHGJR parked in the driveway of this location. During the course of this surveillance, James Germano was observed walking in and out of 5383 Post Road, East Greenwich, Rhode Island as he was cleaning the black Mercedes bearing Rhode Island registration RV-282.

"A check with the Rhode Island Registry of Motor Vehicles on Rhode Island registration JHGJR revealed that this is listed to James H. Germano, DOB: 12/19/63, of 5383 Post Road, East Greenwich, Rhode Island, for a 1978 Chevrolet, color silver.

"On Tuesday, April 15, 1986 your affiant received a telephone call from his informant who advised that on April 14, 1986 your affiant's informant responded to the Germano residence located at 5383 Post Road, East Greenwich, Rhode Island and observed a clear plastic bag with white powder in same. Your affiant's informant stated that James Germano informed him that he would be moving this cocaine to a customer tonight.

"On Tuesday, April 15, 1986 at approximately 11:00 AM Det. Doherty observed parked at 5383 Post Road in East Greenwich, Rhode Island, Rhode Island Commercial registration 1792 which is registered to Joseph P. Galligan, DOB: 7/1/55, of Escoheag Hill Road, Escoheag, Rhode Island, for a 1984 Ford, color

red. It should be noted that this registration 1792 was on a green pickup truck.

"On Wednesday, April 16, 1986 at approximately 11:00 AM Det. Doherty observed parked at 5383 Post Road, East Greenwich, Rhode Island, Rhode Island registration RV–282 and Rhode Island Commercial 1792.

"At approximately 11:15 AM Det. Doherty observed James Germano enter Rhode Island registration RV–282 and was followed to a convenience store along Post Road in the Town of East Greenwich, Rhode Island. Germano was observed to alight from his vehicle, enter this location and return to 5383 Post Road at approximately 11:20 AM.

"At approximately 1:58 PM this same date your affiant along with Det. Doherty observed James Germano outside in his yard at 5383 Post Road and also observed parked in the driveway was Rhode Island registration RV–282 and Rhode Island Commercial 1792.

"On Thursday, April 17, 1986 at approximately 10:50 AM Det. Doherty observed parked in the driveway at 5383 Post Road, East Greenwich, Rhode Island, Rhode Island registration RV–282.

"Due to the surveillances of James H. Germano at 5383 Post Road, East Greenwich, Rhode Island and the information supplied to your affiant by this informant, it is your affiant's belief that James H. Germano is selling cocaine and has cocaine and other drug-related paraphernalia within the dwelling located at 5383 Post Road, East Greenwich, Rhode Island which is described as a two-story, single-family, Colonial wooden-framed dwelling, color off-white, having two front pillars and unattached two-car garage located to the right of the dwelling. A lightpost outside the dwelling also bears the name of Germano.

"Therefore, it is your affiant's request that a warrant be issued to search and seize for contraband drugs, namely cocaine, and other drug-related paraphernalia at 5383 Post Road, East Greenwich, Rhode Island. Your affiant bases this belief on information supplied by the confidential informant coupled with an independent investigation conducted by your affiant of this information that James H. Germano, DOB: 9/9/41 is in the criminal business of distributing controlled substances, namely cocaine, in violation of the General Laws of Rhode Island.

"This search warrant will be executed immediately upon Court authorization. A special need may arise to execute the warrant in the nighttime hours in the event that James Germano is not home during the daytime hours.

_____

James P. Mullen"

The foregoing affidavit was appropriately validated by oath and formed the basis for issuance of a warrant to search premises located at 5383 Post Road, East Greenwich, Rhode Island. Pursuant to the warrant the police searched the named premises on April 22, 1986, at about 10:30 a.m. At that time defendant was outside in the yard. The police conducted him inside the dwelling where they found Germano's wife, Rosemary, his son, Peter, as well as two construction workers occupying the premises.

While searching a closet, and other areas within the house, the police found and seized a .22–caliber automatic handgun, serial No. A35477; a Beretta 9–mm. automatic pistol, serial No. 537637; a .45–caliber Colt automatic pistol, serial No. 402103; and a 9–mm. Browning automatic, serial No. 76C35052. In addition to the guns, police found an assortment of holsters and ammunition related to the weapons discovered on the premises. No drugs were found on the premises.

Later, at the State Police headquarters in North Scituate, Detective Brendan Doherty, who assisted in the search, fired the guns which had been seized. All the guns were found to be in good working order. The guns, holsters, and ammunition were introduced into evidence at the trial and formed the basis for the conviction of possession of firearms. There was also a stipulation (as well as an official copy of a record of conviction) which established that defendant had been convicted in the State

of New Jersey in 1963 of breaking and entering. The crime of breaking and entering is classified as a crime of violence in Rhode Island pursuant to G.L.1956 (1981 Reenactment) § 11–47–2.

In support of his appeal defendant raises three issues that will be dealt with in the order in which they are raised in defendant's brief.

## I

### THE VALIDITY OF THE SEARCH WARRANT

■ The defendant contends in substance that the affidavit of Detective Mullen did not meet the totality of the circumstances test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), as that case has been interpreted by this court in *State v. Ricci*, 472 A.2d 291 (R.I.1984), and later considered in *State v. Pacheco*, 481 A.2d 1009 (R.I.1984). We must respectfully disagree.

An examination of this affidavit indicates that Detective Mullen relied upon a first-time informant whom he believed to be "a reliable person in terms of truthfulness and veracity." This informant would probably have met the two-pronged requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as further elucidated by *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), save for the arguable absence of a "track-record" of prior reliability. Nevertheless, approximately two years after the decision in *Spinelli*, Chief Justice Burger, writing for a majority in *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), upheld a warrant issued on the basis of an affidavit in which an informant was described by the affiant as "a prudent person." In *Harris* as in the case at bar the informant had been to the premises where the illegal activity was conducted and made statements against his penal interests. Here the informant advised that he had been to 5383 Post Road on several occasions and had seen James Germano sell cocaine. The informant further stated that he purchased cocaine from James Germano in the past. In addition the informant in the case at bar gave to Detective Mullen an unlisted telephone number for the Germano premises that Detective Mullen verified with the New England Telephone Company. The informant also provided information concerning defendant's criminal record that was later verified by Detective Mullen.

In contrast with the information and surveillance verification in the instant case, *Illinois v. Gates* consisted of a series of accusations by a person unknown to the officer who sought the search warrant. These accusations were contained in an unsigned letter, which contained no information in respect to the manner in which the unknown informant had gained knowledge of the illegal activities of which he accused Sue and Lance Gates.

If the information contained in the affidavit in *Illinois v. Gates, supra,* could pass constitutional muster, a fortiori, the affidavit in the instant case should be approved under the totality of the circumstances analysis which we have adopted in *Pacheco* and *Ricci*. The affidavit established probable cause to believe drugs would be found at the Germano residence.

We are of the opinion that the warrant issued pursuant to this affidavit was valid under both the Federal Constitution and the Constitution of the State of Rhode Island. The defendant also asserts that the information set forth in the affidavit had become "stale" by the time the search was conducted. We believe that this argument has little or no merit. The affidavit contains information from which it was appropriate for both the issuing justice and the police to infer that defendant was carrying out a drug operation that would be of lengthy, if not indefinite, duration. There was no indication that the drug traffic described in the affidavit would be of short duration. The activity was said to be carried out in defendant's dwelling, and he was working with other drug dealers and carrying on a "large-scale" operation. There was no reason to believe that this activity would be terminated in a matter of days. Consequently the information was not stale at the time the warrant was is-

sued, nor was it stale at the time the search warrant was executed, six days after its issuance.

## II

### THE EXCLUSION OF CERTAIN FAMILY COURT DOCUMENTS

 At trial defendant sought to introduce a Family Court consent decree regarding the custody of the minor child, Peter Germano. This evidence was offered in order to attempt to prove that at the time of the search, defendant did not reside at 5383 Post Road. The trial justice refused to receive the consent decree and supporting documents on the grounds that they were irrelevant on the subject of defendant's address at the time of the search. One of the supporting documents indicated that as of approximately September 18, 1985, James H. Germano resided at 5300 Post Road, Warwick, and Rosemary E. Germano resided at 5383 Post Road, East Greenwich, Rhode Island. The consent decree itself had stricken from its terms that portion of the order which stated that "the parties shall be separated each from the other from the bed and board and future cohabitation each with the other."

The trial justice, after examining the documents, found them to be irrelevant on the subject of defendant's residence at the time of the search, which occurred many months after the entry of the order.

We have often stated that rulings on the question of relevancy are left to the sound discretion of the trial justice. *State v. Alger*, 545 A.2d 504 (R.I.1988); *State v. Ashness*, 461 A.2d 659 (R.I.1983). Such a ruling will not be disturbed on appeal in the absence of a showing that the trial justice abused his discretion to the prejudice of the objecting party. *State v. Ashness, supra.* In our opinion the exclusion of this evidence did not constitute an abuse of discretion. It was at best highly speculative to infer that information given to the Family Court in September of 1985 would be probative of defendant's address on April 22, 1986, particularly in light of the fact that defendant was the sole owner of the premises, and that he had the combination to the safe, which he opened at the request of the police.

 Further we are of the opinion that this evidence, even if relevant, would not have been competent in order to prove the location of defendant's residence. It requires no citation to enunciate the proposition that a defendant in a criminal case is not required to testify unless he chooses to do so. Further no inference may be drawn against him for failure to testify. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

This does not mean, however, that a defendant may testify in a criminal case by means of affidavits or unsworn statements given to official bodies. It is true that confessions offered by the state as full exhibits may contain exculpatory material that, once the exhibit is introduced by the state, may be considered by the trier of fact for all purposes. Admissions of a party opponent do not constitute hearsay and, if offered by the state, may be fully introduced into evidence.

Here we have a completely different situation in which defendant seeks to offer affidavits and other statements made by him and/or his wife on Family Court documents. None of these statements could be tested by cross-examination and constitute hearsay since they were offered for the truth of the matter asserted. R.I. R. Evid. 801(c); *see State v. Santos*, 122 R.I. 799, 413 A.2d 58 (1980); *State v. Angell*, 122 R.I. 160, 405 A.2d 10 (1979).

The defendant argues that such evidence should be admissible under the provisions of Rule 803(8) of the Rhode Island Rules of Evidence, which reads as follows:

"Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel [personnel], or (C) in civil actions and proceedings and against the state in criminal cases, factual findings

resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness."

It should be noted that the portions of the public records that are admissible consist of (1) activities of the office or agency, (2) matters observed pursuant to duty imposed by law, and (3) factual findings resulting from an investigation by authorized personnel in civil actions and proceedings and against the state in criminal cases. The Family Court documents in issue meet none of the foregoing criteria. They contain no report of activities of the Family Court, matters observed by Family Court personnel, or evaluative reports by Family Court personnel. These documents contain only statements by defendant and/or his wife, save for the decree itself, which contained no information about residence.

The defendant also cites the catchall provision, Rule 803(24), that allows a court to admit into evidence statements having equivalent circumstantial guarantees of trustworthiness. This catchall provision is not to be used as a device for allowing a defendant to prove material facts through affidavit or unsworn statements as a substitute for his own testimony merely because such statements have found their way into an agency record, whether judicial or otherwise. The purpose of the exceptions set forth in Rule 803(8) and (24) is not to deprive the state of the right of cross-examination on crucial issues through the use of public records for a purpose for which they were not designed.

Consequently we hold that the Family Court documents that were sought to be introduced into evidence were neither relevant nor competent for the purpose for which they were offered. The trial justice was correct in excluding them.

### III

### THE ADMISSION OF AMMUNITION AND HOLSTERS SEIZED BY POLICE DURING THE COURSE OF THE SEARCH

■ The defendant argues that admission of certain exhibits that consisted of ammunition and holsters associated with guns found by the police in the course of their search constituted reversible error. It is interesting to note that a considerable body of evidence of ammunition and holsters was admitted without objection during the course of the trial. State's exhibit No. 2, a photograph of the ammunition and weapon seized from the dresser drawer in the master bedroom, was admitted without objection. State's exhibit No. 9(b), a black holster associated with the 9–mm. Beretta automatic found in the safe was admitted without objection. State's exhibit No. 11, a box of .45–caliber shells with a .45–caliber clip found loaded at the time of the search was admitted, apparently at the suggestion of the defense as well as of the prosecution. Nevertheless, defendant claims that exhibit Nos. 4, 5, 6, and 10, which were admitted over objection, were so inflammatory as well as irrelevant as to invalidate defendant's conviction.

We are of the opinion that the admission of this evidence did not constitute error at all. Even though it was not necessary for the prosecution to prove the presence of ammunition and holsters in order to substantiate the charges set forth in the information, these holsters and ammunition tended to prove points provable in the case by demonstrating (in addition to the test results) that these weapons were ready for use, that ammunition was present that fit the weapons, and that holsters were available so that the weapons might be carried on defendant's person. A determination that this evidence was relevant was well within the discretion of the trial justice.

If one was to balance the relevance of this evidence against its prejudicial effect, one must conclude that in light of the exhibits introduced without objection, the incremental prejudicial effect of the challenged exhibits would be so minimal, as to be virtually imperceptible.

Consequently we are of the opinion that the admission of this evidence did not constitute error at all and certainly was not unduly prejudicial to the defendant.

For the reasons stated, the defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.