**STATE**

v.

**Rumaldo A. REYES.**

No. 95–210–C.A.

Supreme Court of Rhode Island.

March 13, 1996.

Andrea J. Mendes, Aaron Weisman, Providence, for Plaintiff.

Catherine A. Gibran, Paula Rosin, Providence, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on January 23, 1996, pursuant to an order directing the defendant, Rumaldo A. Reyes, to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendant appeals from a judgment of conviction on one count of delivery of heroin and one count of possession of a firearm while in possession of heroin with an intent to deliver. He was sentenced to serve ten years on count 1 and five years' consecutive time on count 2. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

In this case an informant agreed with police to arrange a drug purchase with defendant in order to escape prosecution for possession of heroin. After a call was made to arrange for the execution of the transaction, police searched the informant for money and contraband. Subsequently police furnished him with $262 in marked bills. After arriving at the place where the transaction was to occur, police observed a van pull into the parking lot occupied by a driver and a passenger. The officers witnessed the informant approach the passenger and a brief oral exchange take place. Soon thereafter the two men walked to the rear of the van, and the officers observed defendant hand the informant a small package in exchange for money. Upon arrest police recovered marked bills from defendant's person and a cigarette package from the informant containing fifty bags of suspected heroin. Field and toxicology tests confirmed that the package did contain heroin. Simultaneously with the arrest, police seized a .9 millimeter semiautomatic gun from the van defendant had arrived in as a passenger. The gun, loaded with one round in the chamber and thirteen rounds in the magazine, was positioned closer to the passenger's seat than to the driver's seat. The defendant possessed a gun permit to carry the type of weapon seized.

At trial defendant admitted that the gun was positioned beside him in the van. He denied, however, handing anything to the informant and asserted that he met with the informant, expecting partial payment on a debt. The jury returned a verdict of guilty on both charges.

On appeal defendant challenges the trial justice's denial of his motion for judgment of acquittal, contending that there was insufficient evidence that the firearm was in his possession while he allegedly delivered the heroin. In reviewing a denial of a motion for a judgment of acquittal, this court applies the same standard that the trial justice applies in arriving at his or her ruling. *State v. Henshaw*, 557 A.2d 1204 (R.I.1989). In deciding such a motion "the trial justice must view the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and draw all reasonable inferences that are consistent with guilt. * * * If the evidence viewed in such a light is sufficient to warrant a jury verdict of guilty beyond a reasonable doubt, the motion [should be] denied." *State v. Clark*, 603 A.2d 1094, 1097–98 (R.I.1992).

The defendant was convicted pursuant to G.L.1956 § 11–47–8(c), which provides in pertinent part:

"No person shall have in his or her possession or under his or her control any firearm while the person delivers, possess-

es with intent to deliver, or manufactures a controlled substance."

In denying defendant's motion for judgment of acquittal, the trial justice reasoned that defendant had constructive possession of the weapon. Constructive possession can occur when an individual exercises dominion and control over an object even though it is not within his physical possession. *State v. Jenison,* 442 A.2d 866, 875 (R.I.1982). Constructive possession is established by showing that a defendant knew of the presence of the weapon and had an intent to exercise control over it. *State v. Mercado,* 635 A.2d 260, 262 (R.I.1993). "[T]hese two elements can be inferred from a totality of the circumstances." *Jenison,* 442 A.2d at 875.

█ In viewing the evidence in a light most favorable to the state, the trial justice noted that the jury could conclude that defendant, while a passenger in the van, had in his possession heroin that he later transferred to the informant. En route to the delivery defendant was aware of the gun, which was loaded and strategically positioned toward the passenger side of the van. Accordingly, the trial justice properly concluded that the evidence was sufficient to warrant a jury verdict of guilty beyond a reasonable doubt that defendant, while in possession of a firearm, intended to deliver heroin.

█ The defendant next challenges the trial justice's denial of his motion to dismiss on the ground that the informant's agreement with police did not comply with G.L. 1956 § 12–30–2. Specifically he asserts that the failure of the police to notify the Attorney General and memorialize the agreement was reversible error since the informant was unavailable at trial. It should be noted, however, that the statute in issue is intended to protect the informant. The defendant therefore has no standing to challenge the parties' noncompliance.

█ The defendant also asserts that the trial justice committed reversible error by admitting the hearsay statements of the informant without permitting him to impeach the informant with prior convictions.[1] However, the trial justice ruled the credibility of

the informant irrelevant in light of the officers' testimony relating what they had observed—an illegal exchange on the part of defendant of drugs for money.

█ It is well settled that questions pertaining to the relevancy of evidence are left to the sound discretion of the trial justice. *State v. Germano,* 559 A.2d 1031, 1036 (R.I. 1989). "Such a ruling will not be disturbed on appeal in the absence of a showing that the trial justice abused his [or her] discretion to the prejudice of the objecting party." *Id.* In our opinion the exclusion of this evidence did not constitute an abuse of discretion. Admission of hearsay "is not prejudicial when the evidence is merely cumulative and when [the] defendant's guilt is sufficiently established by other competent evidence." *State v. Fortier,* 427 A.2d 1317, 1325 (R.I. 1981). There is ample evidence in the record, independent of the informant's hearsay statements, that supports the jury's finding of guilt. We find no error.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.

BOURCIER, J., did not participate.

---

1. The informant did not testify at trial because police were unable to locate him.