**STATE**

v.

**Edson TORO.**

**No. 95–622–C.A.**

Supreme Court of Rhode Island.

Nov. 4, 1996.

Annie Goldberg, Aaron Weisman, Asst. Attorney Generals, for Plaintiff.

Scott A. Lutes, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on October 9, 1996, pursuant to an order that directed the defendant, Edson Toro, to show cause why his appeal

should not be summarily decided. The defendant has appealed a judgment of conviction entered after a jury found him guilty of assault with intent to murder.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, this Court concludes that cause has not been shown, and therefore the case will be decided at this time.

On March 9, 1993, defendant was charged with assault with intent to murder Richard Marshall (Marshall) and possession of a 9 millimeter handgun without a license. After defendant's motion for acquittal on the firearm count was granted, he was found guilty of assault with intent to murder.

Marshall testified that on August 5, 1992, he was at 98 Waverly Street in Providence, Rhode Island, where, while at the side of the house, he heard someone say, "[W]atch this." When he turned toward the speaker, defendant shot him. The defendant testified that on that date Marshall demanded that defendant pay him for drugs that Marshall had previously given to defendant. When defendant refused to pay, Marshall appeared to reach for his gun and defendant jumped him. The defendant further testified that he threw Marshall against a wall, heard a shot, and thought he himself had been hit. The defendant also testified that he saw the gun on the ground, picked it up, and started running.

 The defendant has raised seven issues on appeal. First, defendant contended that the trial justice erred in not allowing him to ask Marshall if Marshall, on the day of the shooting, had pressured defendant to pay him for drugs. The trial justice ruled that the question of a prior drug transaction was irrelevant. This Court has held that "questions of relevancy are left to the sound discretion of the trial justice and 'will not be disturbed on appeal in the absence of a showing that the trial justice abused his discretion to the prejudice of the [complaining] party.'" *State v. Cardoza*, 649 A.2d 745, 749 (R.I.1994) (quoting *State v. Germano*, 559 A.2d 1031, 1036 (R.I.1989)). Because the trial justice did permit the defense to inquire whether the shooting arose because of a dispute over money and did allow defendant to testify regarding the alleged drug transaction, we

hold that the trial justice did not abuse his discretion on this issue.

 The defendant next contended that the trial justice erred in dismissing a juror. The juror stated that she may have taken Marshall's application for Social Security disability as a result of his injury and admitted that she had formed an impression of Marshall as a result of which she could not ensure that she could give the state or defendant a fair trial. It is well settled that "the issue of whether a juror is disqualified due to bias, prejudice or interest is left to the discretion of the trial justice." *State v. Berberian*, 118 R.I. 413, 419, 374 A.2d 778, 781 (1977). The trial justice here clearly did not abuse his discretion by excusing the juror on the facts of this case.

 Third, defendant contended that the trial justice erred in allowing the prosecution to refer to a Family Court transcript of a witness, James Shorts (Shorts), which was not included in discovery materials. Shorts had previously testified at a Family Court hearing, and the prosecution sought to use this transcript to impeach his testimony. The defense claimed that the prosecution's failure to provide the defense with the transcript was a violation of Rule 16 of the Superior Court Rules of Criminal Procedure. The trial justice found that defendant was not prejudiced because the witness's statement, which *was* provided to the defense, was consistent with the transcript. This Court has stated that "the defendant 'must show there is a significant chance that the use and development of the withheld evidence by skilled counsel at trial would have produced a reasonable doubt in the minds of enough jurors to avoid a conviction.'" *State v. Burke*, 574 A.2d 1217, 1226 (R.I.1990) (quoting *In re Ouimette*, 115 R.I. 169, 179, 342 A.2d 250, 254–55 (1975)). Clearly, defendant's claim is meritless because the information he sought to exclude had been provided to him in discovery.

We deny and dismiss defendant's fourth claim because defendant's objection to certain questions put to him during his testimony at trial was not made at trial and thus is waived for review.

■ The defendant's fifth claim was that the trial justice erred in failing to give an instruction that a person is entitled to use reasonable force in self-defense. This Court has stated that a trial justice must instruct on self-defense even if a claim is based on "slight and tenuous" evidence. *State v. Martinez,* 652 A.2d 958, 961 (R.I.1995) (quoting *State v. Butler,* 107 R.I. 489, 496, 268 A.2d 433, 436 (1970)). In this case, however, the requirements of Rule 30 of the Superior Court Rules of Criminal Procedure were not satisfied insofar as defendant failed to file a written request that the court instruct the jury in this regard. Thus the issue is waived on appeal.

■ The state contended that defendant's sixth claim—that the trial justice erred in instructing the jury that if defendant had fired a weapon at the victim, then it could infer that he intended to kill him—is waived for failure to raise a timely objection. Our review of the transcript, however, revealed that defendant did not object to the instruction the first time it was given but objected when it was given a second time after jury deliberations had already started. Defense counsel's objection referred to "the statement in chambers prior to the recess." Because a record of the conference in chambers was not preserved, we are unable to review this objection.

The defendant's final argument was that the trial justice erred in not granting a motion for judgment of acquittal in regard to count 1, assault with intent to murder. In viewing the evidence in the light most favorable to the state, without weighing the evidence or assessing the credibility of the witnesses, and drawing therefrom every reasonable inference consistent with guilt, we are of the opinion that the evidence presented was capable of generating proof of guilt beyond a reasonable doubt. *See State v. Caruolo,* 524 A.2d 575, 580–81 (R.I.1987). Therefore, the trial justice did not err in denying the defendant's motion for acquittal on this count.

In summary, therefore, we deny and dismiss the appeal and affirm the judgment of the Superior Court, to which the papers in the case may be returned.

MURRAY, J., not participating.