**STATE**

v.

**Carl SHARP et al.**

**No. 97–157–C.A.**

Supreme Court of Rhode Island.

April 2, 1998.

Andrea J. Mendes, Jr. and Aaron L. Weisman, Providence, for Plaintiff.

Edward C. Roy, Jr., Providence, Donna A. Uhlmann, Cranston, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on March 2, 1998, pursuant to an order directing all parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The defendants, Carl Sharp and Che Gallman, each moved in limine to exclude from their jury trial the pretrial testimony of Michael Franks (Franks), a key state witness. The trial justice granted the motions, and the state has appealed.

After reviewing the memoranda submitted by the parties and hearing oral arguments of counsel for the parties, we are of the opinion that cause has not been shown. Therefore, the issues will be decided at this time.

The defendants stand accused of the murder of one Levert Hill (Hill).[1] Following their arrest, a bail hearing was held in Providence County Superior Court at which Franks testified. He stated that during the early-morning hours of April 1, 1996, he was driven to his home by Hill. As he exited Hill's vehicle, Franks heard gunfire. He turned and observed a blue Corsica with two gun-wielding individuals leaning out of both the rear and the front passenger-side windows. He later identified these men as defendants.

Before defendants' jury trial began, Franks was shot and killed. Subsequently, defendants' counsels each filed a motion in limine to exclude from evidence Franks' testimony at defendants' bail hearing. Under Rule 804(b)(1) of the Rhode Island Rules of Evidence,[2] the prior sworn testimony of an unavailable witness may be admissible if the unavailable witness's testimony can be shown "to have been adduced in the course of a prior judicial proceeding in which the defendant was present, represented by counsel, and in the course thereof provided with an opportunity to adequately cross-examine the witness." *State v. Ouimette,* 110 R.I. 747, 754–55, 298 A.2d 124, 130 (1972). Because the opportunity for adequate cross-examination forms the cornerstone of a defendant's right to confront his or her accusers, a defendant's right to confrontation is not offended by the admission at trial of prior testimony of an unavailable witness if that defendant was afforded the opportunity for adequate cross-

---

1. The defendants were also charged with conspiracy to commit murder, assault with a dangerous weapon, unlawfully discharging a firearm from a motor vehicle, carrying a pistol in a vehicle without a license, and possession of a firearm after having been previously convicted of a crime of violence.

2. Rule 804 of the Rhode Island Rules of Evidence, entitled "Hearsay exceptions; declarant

unavailable," reads in pertinent part, "(b) * * * The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) *Former Testimony.* Recorded testimony given as a witness at another hearing of the same or a different proceeding * * * if the party against whom the testimony is now offered * * * had an opportunity to develop the testimony by direct, cross, or redirect examination."

examination during the prior hearing. *Id.* at 756, 298 A.2d at 131.

In this case, defendants contended that they were denied an adequate opportunity for meaningful cross-examination because they lacked specific information that they have argued would have provided the basis for a far more effective cross-examination of Franks. The trial justice agreed and granted defendants' motions in limine.

■ The exclusion of pretrial testimony is a matter entrusted to the sound discretion of the trial justice, and such a decision will not be disturbed upon review absent an abuse of that discretion. *Id.* at 754, 298 A.2d at 130. In granting defendants' motions in limine, the trial justice here found that Franks was not subjected to adequate cross-examination during his bail-hearing testimony because defense counsel lacked knowledge of certain impeachment materials. Specifically, at the time of the bail hearing, defense attorneys were not privy to the full extent of Franks's criminal record,[3] nor were they apprised of Franks's previous use of aliases. Further, defense attorneys argued that Franks's history of drug use and his failure to comply with court-ordered drug treatment were not revealed prior to the bail hearing. Finally, defense counsel contended that the prosecution refused to admit that it had agreed to forego seeking an adjudication of probation violation against Franks in exchange for his testimony against defendants. The trial justice concluded that in the absence of this information defense attorneys were unable to conduct an adequate cross-examination and that the testimony adduced therein was not later admissible during defendants' trial. We disagree.

■ As this Court stated in *Ouimette,* "the adequacy of prior cross-examination, where afforded, depends upon an identity of issues and parties at the two proceedings." *Id.* at 757, 298 A.2d at 131. The Court explained further that "we follow the so-called liberal rule, which requires only a substantial identity of issues and parties in order to permit the introduction of prior testimony

of the unavailable witness at the subsequent proceedings." *Id.*

■ In this case, defendants' attorneys have not claimed that the trial justice so severely limited the scope of their cross-examination of Franks as to render his bail-hearing testimony inadmissible. Rather defendants have claimed that their lack of information deprived them of an opportunity to cross-examine Franks adequately and have attributed at least some of their ignorance at the bail hearing to misleading information that the prosecution had provided to them. Although previous testimony may be inadmissible under Rule 804(b)(1) if it was adduced through cross-examination that was limited by counsel's lack of information, such was not the case here. The linchpin of any cross-examination is the presentation of competent evidence that either contradicts the witness's account or impeaches the witness's credibility. In order to achieve either of these results, a defense attorney must possess information that either establishes an alternative explanation of events or portrays the witness as unreliable. Here the record reflects that defense counsel did possess sufficient information to conduct an adequate cross-examination.

The defense counsels' assertion that the prosecution negligently withheld information of Franks's criminal record was countered by the witness's own admission during the bail hearing that he was a felon. This admission, however, was not exploited by defense attorneys during the bail hearing. Therefore, the lack of effective inquiry into Franks's criminal past was not the result of ignorance but of defense counsels' failure to inquire further of the witness. In any case, the Attorney General has agreed to stipulate to Franks's Ohio convictions that were not known to defense counsel at the time of the bail hearing.

The defendants also contended that the prosecution misled defense attorneys in regard to the existence of any inducements or rewards that the Attorney General may have provided to Franks in exchange for his testimony against defendants. In support of

---

**3.** The record reveals that Franks was convicted in the State of Ohio of several crimes including drug trafficking, criminal trespass, and receiving stolen property.

their contention defendants asserted that had Franks not testified against them, the Attorney General would have instituted probation violation proceedings against Franks because of his failure to comply with the drug treatment terms of his probation. The prosecution, however, has denied the existence of a promise to forego probation violation proceedings against Franks in order to procure his testimony.

Although the trial justice did not decide the factual issue of whether the Attorney General had in fact struck a bargain with Franks, it appears that evidence of such a quid pro quo is circumstantial and not persuasive and is insufficient to render the bail hearing testimony inadmissible. In any event the defense attorneys had the opportunity during the bail hearing to ask Franks about any rewards or inducements he may have received in exchange for his testimony. They did not do so.

On these facts we hold that the trial justice abused his discretion in excluding Franks's bail hearing testimony. Therefore, we sustain the state's appeal and vacate the order that excluded Franks's testimony from the defendants' trial. The bail hearing testimony of Franks is therefore admissible. The defense counsel may seek to attack the credibility of that testimony at trial, however, by introducing evidence both of Franks's Ohio convictions and of Franks's use of and treatment for drugs. The papers in this case are remanded to the Superior Court.

BOURCIER and GOLDBERG, JJ., did not participate.