## STATE

v.

## Jose SMALL.

### No. 98–16–C.A.

Supreme Court of Rhode Island.

April 15, 1999.

Annie Goldberg, Aaron L. Weisman, Providence.

Paula Rosin, Providence.

### ORDER

This case came before the Court on April 7, 1999 pursuant to an order directing the defendant to appeal and show cause why the issues raised in his appeal from a final judgment of conviction following a Superior Court jury trial on a charge of simple assault should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

In July 1995, Naizie Savet (Savet) and his wife were employees in a 7–Eleven store on Smith Street in the City of Providence. In early July 1995, the defendant, Jose Small (defendant), and Savet's wife, who worked as a cashier in the store, were involved in a minor disagreement prompted by the defendant's belief that as a customer he was not being treated properly. The defendant returned to the store one week later on July 12, 1995 and when he did, Savet told him that he believed that the defendant had been disrespectful on the occasion of his previous visit. The defendant walked out of the store, went to his parked vehicle and began looking into the open trunk of his car. When Savet saw what the defendant was doing, he feared the worst and telephoned for the Providence police to come to the store. The defendant returned to the store where he was confronted by Savet and his brother, Majed, who owned the store. The defendant was in the process of telling Majed that, if he had a fight with Savet, Majed would probably somehow get involved, at which point, Majed interrupted the defendant's monologue by opening his jacket and exposing a silver-plated gun protruding from Majed's waistband to the defendant's view. The police at that time fortunately arrived at the store and the defendant left.

The defendant and Savet encountered each other on two additional occasions, once in a hospital waiting area and once in a supermarket parking lot. Both times according to Savet the defendant threatened him.

Some seven months later, on February 21, 1996, the defendant returned to the 7–Eleven store. After allegedly exchanging angry words and threats with Savet and his brother, Majed, the defendant left the store and entered his car. Savet then left the store in an attempt to obtain the defendant's license plate numbers. When the defendant saw Savet came out of the store, he immediately stopped his car, got out of the vehicle, walked over to Savet, punched Savet in the face, and returned to his car and drove away. Savet suffered the loss of a tooth and injuries to his lip and dental work. The defendant was later charged in the District Court with simple assault and, after trial in that court, was found guilty. On appeal to the Superior Court and after trial before a jury, he was again found guilty. He received a six month suspended sentence with probation for one year. The defendant was also ordered to pay a $500 fine and $1500 in restitution.

At the defendant's Superior Court trial, the state was initially precluded from calling Cynthia Cortes (Cortes), who had been working at the store on the night of the assault, as a state's witness because the state had failed to provide timely notice of her expected testimony to the defendant. During the defendant's cross-examination of Savet, however, defense counsel asked whether "[t]here was another individual working there [at the store] by the name of Miss Cortez [*sic*]?" When Savet answered in the affirmative, the state then requested the court's permission to present Cortes as a state's witness, asserting that defense counsel had opened the door to her being called to testify. Defense counsel objected to the presentation of Cortes as a trial witness and contended that he was not planning to "harp on" nor "probably even mention" the fact that Cortes had witnessed the incident in question in his final argument to the jury. The trial justice, however, concluded that defense counsel had indeed opened the door to the state's calling Cortes and would be permitted to do so in order to rebut the "empty chair" suggestion to the trial jury that had been created by defense counsel The defendant now asserts on appeal that

the trial justice's ruling was erroneous. We disagree.[1]

Pursuant to Rule 16(a)(6) and (7) of the Superior Court Rules of Criminal Procedure, the state in responding to a defense discovery request for the names of witnesses the state expects to call at trial is required to name the people it will call to testify at trial. The state must also provide defense counsel with all written or recorded verbatim statements of the witnesses, and if no such statements are in the possession of the state, a summary of the testimony expected to be given by the witness at trial. The purpose of Rule 16(a)(6) and (7) is to permit defense counsel through pretrial discovery to adequately prepare for trial and to plan trial strategy with his or her client. It is intended to protect a defendant, as well as the state, from a trial by ambush.

In this case, when the trial justice was first apprised of the state's failure to name Cortes as a trial witness, the trial justice initially prohibited the presentation of Cortes as a state's trial witness. As a result of the trial justice's exclusion of Cortes as a state's witness the state's prosecutor in his opening statement to the trial jury told them that there were no eyewitnesses to the incident other than Savet and the defendant. During trial, however, defense counsel's questioning of Savet regarding Cortes' presence at the scene and her witnessing of the event seriously called into question the veracity of the prosecutor's opening statement as well as the missing witness or empty chair factor and opened the door for the state to call Cortes as a witness so as to undo the obvious prejudicial inferences most certainly created in the minds of the trial jurors by defense counsel's question and Savet's answer thereto.

The defendant's claim here on appeal that he was somehow surprised and prejudiced by Cortes' testimony is ill-founded.

The defendant's counsel had been furnished in discovery the name of Cortes as being an eyewitness to the incident during the District Court proceedings on the state's simple assault complaint. He was aware of her being a witness long before commencement of the Superior Court proceedings and as a result suffered no Rule 16 discovery violation prejudice. *State v. Toro*, 684 A.2d 1147, 1148 (R.I.1996). Accordingly, the trial justice did not abuse her discretion in permitting the state to call Cortes as a trial witness.

The defendant also asserts here on appeal that the trial justice erred in prohibiting the introduction of Savet's brother's gun that had been displayed to the defendant some seven months prior to the incident in question and which the defendant asserts would have supported his self-defense argument. He also claims that the trial justice erred in permitting the introduction, through Savet's testimony, of an alleged threat to Savet made by the defendant, which he asserts constituted hearsay. We conclude that those contentions advanced here by the defendant are without merit.

Accordingly, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.

Justice GOLDBERG did not participate.

---

1. The empty chair doctrine permits a jury to draw an unfavorable inference against a litigant for failing to produce an available witness who would have been expected to testify favorably to that litigant. *See State v. D'Agostino*, 691 A.2d 561, 563 (R.I.1997).