**STATE**

v.

**David HARDING.**

**No. 98–19–C.A.**

Supreme Court of Rhode Island.

Nov. 23, 1999.

 

Jane McSoley, Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, David R. Harding, appeals from a conviction of first-degree robbery, for which he was sentenced to thirty years at the Adult Correctional Institutions, fifteen years to serve, and fifteen years suspended with probation. We directed both parties to show cause why we should not resolve this appeal summarily. No such cause having been shown, we proceed to do so.

After a 1997 trial before a Superior Court trial justice and a jury, the jury returned a guilty verdict. The trial justice denied defendant's request for a new trial. The defendant raises three issues on appeal, all having to do with the evidence admitted during his trial. First, he argues that the trial justice erred by not allowing him to introduce hospital records that show he was treated for knee pain in an emergency room four days before the robbery. Second, he asserts that the trial judge erred by not allowing him to enter into evidence a statement given to the police by a witness who was not available to testify during the trial. Last, defendant argues that the trial justice should not have allowed the state to suggest in its closing argument that the license plate on the car driven by defendant on the night of the robbery was registered to another vehicle owned by defendant because that fact was not in evidence. We address each of these contentions below.

### I

#### Hospital Records

The state successfully moved in limine to exclude defendant's hospital records of January 7, 1996, when he was treated at Pawtucket Memorial Hospital, on the basis, inter alia, that there was insufficient evidence to show that the records were relevant to the condition of defendant's leg four days later, when the

robbery took place. Because we are persuaded that the trial justice did not err in excluding this evidence on relevancy grounds, we have no need to determine whether any other grounds exist to uphold this ruling.

The hospital report indicates that defendant slipped on oil and twisted his leg, and that at that time defendant was unable to bear weight on it. The trial justice relied on *State v. Germano*, 559 A.2d 1031 (R.I. 1989), and *State v. Harnois*, 638 A.2d 532 (R.I.1994), in deciding that the evidence was inadmissible. He concluded that the evidence was too remote in time to be material because the medical report had been prepared four days before the robbery and whatever defendant's medical condition may have been on that occasion did not indicate that defendant would have been hobbled four days later on the night of the robbery or that defendant would have been unable to run away from the crime scene.

In *Germano* the defendant sought to introduce a consent decree from Family Court regarding custody of his minor child. The evidence was offered to prove that at the time of a police search on the premises, in which firearms were found, the defendant did not reside at that location. Because the consent decree had been entered several months before the search, the documents were deemed irrelevant on the subject of the defendant's address at the time of the search. *Germano*, 559 A.2d at 1036.

In *Harnois* the defendant sought to admit a statement he made to the police regarding where he was on the night of the attempted murder of his wife. This Court held that the statement could not be admitted because the defendant would then be allowed to prove material facts through a self-serving affidavit or an unsworn statement "as a substitute for his own testimony merely because such statements found their way into an agency record." *Harnois*, 638 A.2d at 535 (quoting *State v. Germano*, 559 A.2d at 1037).

Here, defendant sought to introduce a medical report prepared four days before the event in question to corroborate testimony given by his alibi witnesses. We are of the opinion that the trial justice's decision to exclude this evidence in limine was not an abuse of discretion in light of the attenuated relevancy of any information in the medical report to defendant's physical condition on the night in question and the absence of an adequate foundation linking the report to defendant's physical status on that night. Indeed, absent competent evidence to indicate that, given the nature of this particular leg injury, defendant would still be suffering from its effects some four days later, the trial justice acted within his discretion in concluding that the evidentiary foundation for admitting such medical records was inadequate. In light of the trial justice's wide discretion to determine the relevancy of proffered evidence, we are unable to conclude that the trial justice was clearly wrong in granting the state's motion in limine, especially when defendant made no later attempt at trial to connect the medical report with his alleged physical condition on the night of the robbery.

## II

### Police Statement by Unavailable Witness

▬ Next, defendant asserts that the trial justice erred by not allowing him to admit a witness statement given by a witness, one Abdullah Alnhas, who apparently could not be located for trial. According to a statement given to the police on the night of the robbery, Alnhas witnessed the robbery and followed the getaway car, but he was unable to read the license-plate number. However, Alnhas no longer lived at the address listed on his statement and he could not be reached at the phone number he gave to the police. The defendant wanted to admit Alnhas' statement to cast doubt on another eyewitness' ability to identify defendant.

The trial justice granted the state's motion in limine to exclude Alnhas' witness statement. In doing so, he seems to have considered the evidence under Rule 803(6) of the Rhode Island Rules of Evidence, the hearsay exception for records of regularly conducted activities. For example, he reasoned that Alnhas' statement was not kept in the regular course of business because a witness to a crime is not required to record that information. He also stated that there was no guarantee of its trustworthiness.

■ The defendant argues that the statement should have been allowed under either Rule 804(b)(5) or Rule 803(24) of the Rhode Island Rules of Evidence—the so-called "catchall" exceptions to the Hearsay Rule. However, the admission of such pre-trial statements is a matter entrusted to the sound discretion of the trial justice, and such a decision will not be disturbed upon review absent an abuse of that discretion. *In re Vannarith D.*, 731 A.2d 685, 689 (R.I.1999); *State v. Sharp,* 708 A.2d 1328, 1330 (R.I.1998)(per curiam). Here, Alnhas' statement was somewhat less than probative in that it failed to identify the distance from which he observed the car and there was no evidence pertaining to the quality of his eyesight. In addition, as noted by the trial justice, the statement actually would have corroborated the other eyewitness' observation that the car was a silver wagon, and that its lights were off. Moreover, the fact that Alnhas could not read the license-plate number does not necessarily cast doubt on the other eyewitness' ability to identify defendant.

■ In any event, even if the trial justice had erred in excluding this statement, it appears to us that any such error would have been harmless. "In determining whether an error is harmless, this [C]ourt considers such factors as the importance of the witness' testimony, the question of whether the testimony was cumulative, the presence or absence of corroboration or contradiction of the testimony, the extent of cross-examination otherwise permitted, and the overall strength of the case.' " *Neri v. Nationwide Mutual Fire Insurance Co.,* 719 A.2d 1150, 1153 (R.I.1998) (quoting *New England Telephone and Telegraph Co. v. Clark,* 624 A.2d 298, 303–04 (R.I.1993)) (citing *State v. Ramos,* 553 A.2d 1059, 1064 (R.I.1989)). Considering these factors, we believe the exclusion of the statement was harmless. The overwhelming weight of the evidence pointed to defendant's guilt, and the admission of this statement would not have affected the outcome of this case.

### III

### License Plate Reference

■ Last, the defendant argues that the trial justice erred by allowing the prosecutor to refer in his closing argument to the fact that the license plate reported to police by the eyewitness was not registered to the silver station wagon that he had followed and in which defendant was later arrested. The license plate actually belonged to a gray Hyundai, also owned by defendant. In making his closing statement, the prosecutor said:

"They're looking for VX 392. When they get that information they go to the address of the person whose car comes back registered to VX 392. But what kind of car does it come registered back to? A gray Hyundai. A Hyundai, not a station wagon, a Hyundai. That's what VX 392 came registered back to. David Harding, 110 Vine Street, gray Hyundai. That plate wasn't on a gray Hyundai was it? It was on a station wagon, Mercury Lynx, similar in style to a Ford Escort. Why do you think he has to change the license plate? Why is he changing the license plate to a different car?"

The defendant asserts that allowing the state to make this argument essentially enabled the state to argue about facts that were not presented in evidence. We disagree. Gordon Smith, a detective sergeant with the Cranston Police Depart-

ment, testified that the license plate reported by the eyewitness was registered to a Hyundai owned by David Harding. Thus, this fact was in evidence. Moreover, in *State v. Scott,* 114 R.I. 132, 330 A.2d 66 (1974), we held that "[t]here is no precise formula to delineate the proper bounds of the prosecutor's argument to the jury." *Id.* at 137, 330 A.2d at 70 (citing *State v. Mancini,* 108 R.I. 261, 274 A.2d 742 (1971)). He or she is "allowed considerable latitude in argument, however, as long as [the prosecutor] stays within the evidence and the legitimate inferences to be drawn therefrom." 114 R.I. at 137, 330 A.2d at 70. *See also State v. Donato,* 592 A.2d 140, 142 (R.I.1991) (holding that prosecutor's closing argument mentioning money problems between the victim and the defendant was within the latitude extended to the prosecutor).

### Conclusion

For these reasons we deny this appeal and affirm the judgment of conviction.