STATE

v.

Rudy ARENAS.

No. 2001–15–C.A.

Supreme Court of Rhode Island.

June 11, 2002.

Aaron L. Weisman, Providence, Allan W. Fung, Warwick.

John M. Verdecchia, Providence.

## O R D E R

This case came before the Court on May 8, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendant, Rudy Arenas (defendant or Arenas), is before the Court on appeal from a judgment of conviction, following a jury-waived trial in the Superior Court, for possession of a firearm without a license in violation of G.L.1956 § 11–47–8(a) and possession of a controlled substance, cocaine, in violation of G.L.1956 § 21–28–4.01(C)(1)(a). Arenas was sentenced to ten years at the Adult Correctional Institutions (ACI), nine months to serve and the balance suspended with probation for possession of a firearm without a license; and was sentenced to three years at the ACI, nine months to serve and the balance suspended with probation for possession of a controlled substance. The defendant's sentences were to run concurrently. On appeal, defendant assigns as error the decision of the trial justice denying his motion to suppress evidence seized from his person. The defendant also challenges the sufficiency of the evidence on the weapons charge and maintains that the state failed to produce evidence demonstrating that he was in actual or constructive possession of the firearm. We deny and dismiss his appeal.

In the early morning of April 9, 2000, Woonsocket police officers executed a search warrant at 558 Willow Street, based upon suspicion of drug activity at that location. Woonsocket Police Detective David Hopkins (Hopkins) testified that, suspecting that contraband may have been thrown from the apartment during the search, he left the apartment and made his way to a parking lot behind the building. Upon arrival, Hopkins located a vehicle containing four individuals, including defendant who was sitting in the driver's seat. Hopkins stated that he observed a thick cloud of smoke within the vehicle and, upon investigation, he detected a strong odor of burning marijuana. Hopkins identified himself as a police officer and ordered the occupants of the vehicle to put their hands over their heads. The defendant did not comply; rather, in contravention of the detective's order, he lowered his hands in front of the seat, near his

feet. Hopkins, fearing for his safety, drew his service revolver and called for assistance. Detective Sergeant Edward Roy (Roy) arrived and testified that he also smelled burning marijuana as he approached the vehicle. Roy was informed that defendant had disregarded Hopkins' order and was observed "reaching down to his feet, doing something with his feet[.]" Roy ordered defendant out of the vehicle and conducted a pat down search and directed defendant to remove his shoes. Roy testified that he instructed defendant to remove his footwear to ascertain whether he was armed or concealing a dangerous instrumentality capable of inflicting harm to the officer or others. Roy discovered a small plastic bag containing cocaine in the heel of defendant's shoe. The defendant was placed under arrest and transported to the police station.

A further search of the automobile produced a .357 Ruger Magnum firearm, loaded with six live rounds. This firearm was located near the glove compartment, underneath the dashboard, behind a loose panel. The automobile was registered to defendant's girlfriend and the evidence demonstrated that defendant alone had free use of the vehicle. When Hopkins arrived back at the police station, he went to the cellblock to speak with defendant who had already been advised of his *Miranda* rights. The defendant inquired as to the whereabouts of the vehicle and was informed by Hopkins that it had been towed because a gun had been found in the automobile. The defendant replied, "Oh, you found the gun up underneath."

Relying on the Supreme Court's holding in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), defendant argues that the search to which he was subjected was illegal and that the cocaine, the fruits of that search, should have been suppressed. In *Terry*, the Supreme Court held that police officers could conduct a reasonable search of a suspect's outer clothing if they have an articulable individualized suspicion that criminal activity is taking place and that the suspects in question might be armed and dangerous. *See Terry*, 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. The defendant maintains that the police had no lawful basis for asking him to remove his shoe in the course of a *Terry* frisk, because a *Terry* frisk is confined to the outer clothing.

In denying the motion to suppress the cocaine located in defendant's shoe,[1] the trial justice found that the officers, upon approaching a vehicle filled with the odor of burning marijuana, had probable cause to believe that a crime had been committed, namely possession of marijuana, and had probable cause to arrest the occupants in the vehicle, including Arenas, the driver. The trial justice rejected defendant's argument that the officers had exceeded the boundaries of a lawful *Terry* frisk because, in the circumstances of this case, the officers had probable cause to arrest defendant, therefore, he declared, *Terry* did not apply.

Whether an officer may order a suspect to remove his or her shoes during the course of a *Terry* search has not been previously decided by this Court. However, we leave this issue for another day. We are satisfied, as was the trial justice, that the officers had probable cause to arrest the driver of the vehicle containing four pot-smoking individuals and a marijuana cigarette on the floor. We are of the opinion that the teachings of *Terry v.*

---

1. The defendant has not challenged the search of the automobile that produced the firearm.

*Ohio* are not relevant to this appeal. Simply put, this was not a *Terry* frisk. Based upon the evidence of marijuana use by the occupants of a vehicle that was in defendant's possession and control, the police had probable cause to arrest defendant and to conduct a full body search to determine the presence of weapons and contraband. Further, even in the absence of an arrest, the fact that defendant disregarded the direction of Hopkins to display his hands and made furtive movements towards his feet, certainly gives rise to more than an articulable suspicion that defendant may be in the possession of a weapon or other dangerous instrumentality.

Turning to defendant's second argument, that the trial justice should have dismissed the weapons charge based on the sufficiency of the evidence, we are satisfied that ample evidence was introduced to persuade a fact finder that defendant knowingly possessed the firearm and intentionally exercised control over it. In order to establish constructive possession, the state must prove that a defendant had knowledge of the presence of the contraband and the intent to exercise control over the weapon. *State v. Reyes,* 671 A.2d 1236, 1238 (R.I.1996). These facts may be proven by circumstantial evidence based upon the totality of the circumstances. *See id.* In this case, defendant was not only the driver of the vehicle from which the weapon was seized, his girlfriend testified that she was unaware of the existence of the weapon and that she had loaned the car to defendant on a regular basis, but to no one else. Further, having been advised of his right to remain silent, defendant voluntarily disclosed to Hopkins that he knew the weapon was in the vehicle. Thus, viewed in the aggregate, the evidence that defendant had actual knowledge of the firearm found secreted in the vehicle, that he had almost exclusive use of the vehicle and that the owner had no knowledge of the weapon, is sufficient to establish constructive possession and to survive a motion to dismiss based on the insufficiency of the evidence. We therefore deem no error in the trial justice's decision.

Accordingly, for the reasons stated herein, we deny and dismiss the defendant's appeal. The judgment of conviction is affirmed and the papers in this case may be remanded to Superior Court.