[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-2478

EDSON TORO,
Petitioner, Appellant,

v.

ASHBEL T. WALL, DIRECTOR, DEP'T OF CORRECTIONS,
STATE OF RHODE ISLAND,
Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

[Hon. Robert W. Lovegreen, U.S. Magistrate Judge]

Before

Selya, Lynch, and Lipez,

Circuit Judges.

Larry J. Ritchie, by appointment of the court, for petitioner.
Aaron L. Weisman, Assistant Attorney General, with whom
Sheldon Whitehouse, Attorney General, was on brief, for respondent.

September 27, 2002

**Per Curiam**. On July 14, 1994, petitioner-appellant Edson Toro was convicted in Providence County Superior Court of assault with intent to commit murder. See R.I. Gen. Laws § 11-5-1. The court sentenced Toro to serve an incarcerative term of ten years.[1] On direct appeal, the Rhode Island Supreme Court affirmed his conviction. State v. Toro, 684 A.2d 1147 (R.I. 1996). One of the issues raised during that appeal related to the trial justice's failure to give a jury instruction on self-defense. The state supreme court found the issue to be forfeited because a self-defense instruction had not been requested in writing as required by Rule 30 of the Rhode Island Rules of Criminal Procedure. See id. at 1149.

The petitioner then filed an application for post-conviction relief in the state superior court. In that application, he questioned not only the trial justice's refusal to instruct the jury on self-defense but also whether he had received effective assistance of counsel. The trial justice denied the application on March 9, 2000, and the petitioner again appealed to the Rhode Island Supreme Court.

---

[1]The petitioner has completed service of that sentence, but he is still imprisoned on other charges. His habeas petition is not moot, however, because the underlying conviction has collateral consequences in respect to his continuing incarceration. See, e.g., Carafas v. LaVellee, 391 U.S. 234, 237 (1968); United States v. Gallo, 20 F.3d 7, 11 (1st Cir. 1994).

2

While that appeal was pending, the petitioner simultaneously sought a writ of habeas corpus in the United States District Court for the District of Rhode Island. See 28 U.S.C. § 2254. The issues raised included an alleged denial of due process arising out of the trial justice's refusal to instruct the jury on self-defense (thus foreclosing the petitioner from pursuing a valid theory of defense). After certain preliminary skirmishing, not relevant here — among other things, the district court appropriately required the petitioner to drop unexhausted claims (such as his claim of ineffective assistance of counsel) before proceeding further — a magistrate judge filed a report and recommendation suggesting that the habeas petition be denied. Toro v. Wall, C.A. No. 00-561, magistrate's report and recommendation (D.R.I. Sept. 12, 2001). The gravamen of the recommendation was the magistrate judge's conclusion that the state supreme court's determination of procedural default constituted an independent and adequate state ground of decision, not susceptible to federal habeas review. See id. at 8-9. In due course, the district court entered an order accepting the report, approving the recommendation, and dismissing the habeas petition. Toro v. Wall, C.A. No. 00-561 (D.R.I. Oct. 1, 2001).

On October 22, 2001, the scene shifted back to the state courts. On that date, the Rhode Island Supreme Court remanded the petitioner's application for post-conviction relief to the trial

3

justice for an evidentiary hearing. State v. Toro, 785 A.2d 568 (R.I. 2001) (per curiam). That hearing was held in June of 2002, and the matter is currently under advisement in the state superior court.

Notwithstanding his victory before the state supreme court, the petitioner continued to proceed on parallel fronts. He asked the federal district court for a certificate of appealability, 28 U.S.C. § 2253, and the district court granted one on November 9, 2001. The petitioner pressed his federal habeas appeal and, on March 29, 2002, this court granted a supplementary certificate of appealability and specified various issues, mainly regarding procedural default, that it wished the parties to address. We also issued a briefing schedule and appointed counsel for the petitioner.

On September 12, 2002, we heard oral argument. We explored with counsel the petitioner's central allegation: that his trial attorney had not requested a self-defense instruction in writing because the trial justice, at the charge conference, had assured the attorney that he would instruct the jury on self-defense.[2] The assistant attorney general representing the state candidly conceded that "the appropriate disposition" of this appeal

---

[2]It is undisputed that the petitioner's trial attorney objected to the omission of a self-defense instruction at the conclusion of the court's charge and orally requested that the court give a self-defense instruction. The objection and request both occurred before the jury had retired to deliberate.

4

was the entry of an order vacating the dismissal and "sending this [matter] back to the district court for a factual determination about whether the [trial justice's misleading statement] took place."[3]

We need go no further. The state's point is well taken, and the prosecutor's concession makes it apparent that the appeal cannot (or, at least, should not) be decided without further factfinding. Accordingly, we vacate the order appealed from and remand the matter to the district court to (1) conduct an evidentiary hearing with respect to what transpired at the charge conference in the petitioner's original trial, (2) make the necessary findings as to whether the petitioner's trial attorney was misled by the trial justice, and (3) make such other findings and conclusions, and consider such other issues and arguments, as may be appropriate under the circumstances. We hasten to add, however, that the district court may, if it so chooses, await a reasonably prompt decision from the state courts in order to see if the state courts, in the course of adjudicating the petitioner's ineffective assistance of counsel claim, determine whether or not any misleading conduct took place at the charge conference.

**Vacated and remanded**.

---

[3]The assistant attorney general explained that if "there appears to have been what we are describing as sandbagging, that would be cause and prejudice" sufficient to overcome the procedural default. See Bousley v. United States, 523 U.S. 614, 615 (1998) (describing "cause" and "prejudice" standards).